Doris S. ATKINSON, et al., Plaintiffs,

v.

CITY OF FORT COLLINS, COLORADO, a municipal corporation, et al., Defendants.

Civ. A. No. 83–JM–1942.

United States District Court, D. Colorado.

April 20, 1984.

Raymond S. Hale, Hale, Williams, Peterson & Power, Fort Collins, Colo., for plaintiffs.

John P. Mitzner, Hall & Evans, Denver, Colo., David L. Wood, Wood, Herzog, Osborn & Bloom, P.C., Fort Collins, Colo., for defendants.

## ORDER

JOHN P. MOORE, District Judge.

THIS MATTER is before me on motions to dismiss filed by two groups of defendants in this action. Jurisdiction is claimed pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 28 U.S.C. § 1332.[1]

This action was initiated by 20 property owners in the City of Fort Collins, Colorado, who own property abutting West Mountain Ave. Defendants are the City of Fort Collins and 14 past and present members of the Fort Collins City Council ("Fort Collins") and the Fort Collins Municipal Railway Society, a nonprofit corporation, and 16 past and present members of its board of directors ("Society"). The causes alleged in the complaint arise out of an agreement between Fort Collins and the Society to construct and operate an electrical streetcar along West Mountain Avenue. Plaintiffs allege that the defendants' conduct constitutes an interference with their private property rights, a nuisance, a trespass, and results in violations of code and charter provisions of the City of Fort Collins. It is alleged that these results work a violation of plaintiffs' "constitutionally protected right to light, air, view, privacy, protection from private and public annoyance and nuisance, and from any intrusion which adversely affects their property values,"[2] and in violating the guarantees of procedural due process and equal protection, give rise to an action for damages under 42 U.S.C. § 1983. Alternatively, plaintiffs assert an action for inverse condemnation, arguing that even if the actions of Fort Collins do not violate plaintiffs' constitutional rights, they result in a taking of plaintiffs' property that must be compensated.

To maintain an action under § 1983, plaintiffs must establish that the defendants acted under color of state law and that the defendants' actions resulted in a deprivation of plaintiffs' constitutional or federal statutory rights. *Wise v. Bravo*, 666 F.2d 1328, 1331 (10th Cir.1981). The first requirement is obviously satisfied as to the Fort Collins defendants and established for purposes of this motion as to the Society

---

1. Plaintiff claims jurisdiction pursuant to 28 U.S.C. § 1332 on the grounds that at least one of the defendants is a resident of a state other than Colorado. This argument fails. In order for diversity jurisdiction to lie in federal court, there must be complete diversity; that is, each

defendant must be a citizen of a different state from each plaintiff. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

2. Complaint at ¶ 16.

defendants.[3] To meet the second requirement, as I read the complaint, plaintiffs invoke the fourteenth amendment's guarantees of equal protection and procedural due process.[4] I will address each of the proffered grounds distinctly.

■ Assuming, without deciding, for the purposes of the § 1983 claim, that plaintiffs have a property interest that will be sufficiently deprived by the defendants' actions to activate the fourteenth amendment,[5] it remains to consider whether they were denied due process *without law.* Consistent with the principles enunciated by the Supreme Court in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), I find they were not. To the extent the complaint seeks to force municipal officials to follow applicable municipal laws, the state of Colorado provides a remedy in the nature of mandamus. Colo.R.Civ.P. 106. Further, the state provides a remedy to those who believe they have suffered a loss of property at the hands of the state. Article II. Section 15, of the Colorado Constitution makes compensable both a taking of and damage to property inflicted by the state of Colorado or one of its constituent parts. *See Mosher v. City of Boulder, Colorado,* 225 F.Supp. 32 (D.Colo.1964). The section has been read to encompass an action for inverse condemnation, where a taking is alleged and the state has not proceeded by way of an eminent domain proceeding. *Ossman v. Mountain States Tel. and Tel. Co.,* 184 Colo. 360, 520 P.2d 738 (1974). The inverse condemnation action is tried as if it were an eminent domain proceeding pursuant to the procedure established in Colo.Rev.Stat. §§ 38-1-101 to 38-7-107. The state also allows the property owner to bring his action for inverse condemnation in the alternative as an action for trespass. *Ossman, supra.*

Plaintiffs have not contended that these state remedies are unconstitutional or inadequate. Accordingly, it is difficult to conceive the manner in which they were deprived of due process without law. As the Court stated in *Parratt,* "[a]lthough the state remedies may not provide [plaintiffs] with all the relief which may have been available if [they] could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." *Parratt v. Taylor,* 451 U.S. at 545, 101 S.Ct. at 1917. It is important to remember in this connection that the fourteenth amendment does not protect against all deprivations of property, only against deprivations without due process of law. *Baker v. McCollan,* 443 U.S. 137, 143, 99 S.Ct. 2689, 2694, 61 L.Ed.2d 433 (1979). I note additionally my belief that a contrary holding would stretch the parameters of fourteenth amendment violations cognizable under § 1983 to a form that would not only "trivialize, but grossly ... distort the meaning and intent of the Constitution." *Parratt v. Taylor,* 451 U.S. at 546, 101 S.Ct. at 1918 (Stewart, J., concurring).

■ The plaintiffs have also failed to state an equal protection claim under the fourteenth amendment upon which a

3. For purposes of this motion, the court will accept as true the plaintiffs' contention that the construction contract between the Society and Fort Collins bestows "aid, comfort and incentive" on the Society and thus brings the Society under the "color-of-state-law" provision.

4. The complaint also invokes the fifth amendment's guarantee that "private property will not be taken for public use, without just compensation." Although the fifth amendment guarantee of just compensation has not been incorporated into the fourteenth amendment, the Supreme Court has held that the fourteenth amendment due process guarantee provides the same safeguard against a state's taking of property without just compensation. *Chicago V. & Q. R.R. v. Chicago,* 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1887). Thus, the guarantee which plaintiffs seek to invoke under the fifth amendment is encompassed within their fourteenth amendment claim.

5. To determine whether procedural due process requirements apply in the first place, it must be determined if the nature of the interest at stake is an interest encompassed by the fourteenth amendment's protection of liberty and property. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

**570**

§ 1983 claim may be based. The guarantee of equal protection is that all persons under like circumstances and conditions shall be treated alike, in the absence of a justification for treating them differently. *Hartford Steam Boiler Inspection & Ins. Co. v. Harrison*, 301 U.S. 459, 57 S.Ct. 838, 81 L.Ed. 1223 (1936). Here, the complaint invokes the guarantee of equal protection but does not allege a basis for its application. Plaintiffs do not state the manner in which they are classified by the defendants' conduct, nor do they address how they have been treated differently than others similarly situated to them. Absent these allegations, the complaint does not state a theory of, or claim for, relief. Further, given the sensitive and peculiarly local nature of land-use decisions and the fact that these decisions usually involve unique parcels of land, it is difficult to imagine a context wherein a land-use decision could be challenged on the grounds of equal protection absent an allegation that the state action created, facially or in application, a suspect classification. I find, finally, that the procedures available to challenge a land-use decision are available as equally to plaintiffs as they are to other persons.

█ Having found plaintiffs' § 1983 claims to be without basis, there is no sound reason for me to accept pendent jurisdiction over the remaining state law claims for inverse condemnation, nuisance, and trespass. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Accordingly, it is

ORDERED that the complaint is dismissed. Defendants are awarded costs under 28 U.S.C. § 1920 upon the filing of a bill of costs within 10 days from entry of this order.