731 P.2d 616

**CITY OF SCOTTSDALE, a municipal corporation, Plaintiff-Appellant,**

v.

**PARADISE VALLEY WATER COMPANY, an Arizona corporation, Defendant-Appellee.**

**No. 1 CA–CIV 7968.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 21, 1986.

Review Denied Jan. 21, 1987.

William E. Farrell, Scottsdale City Atty., and Sparks & Siler, P.C. by Donald O. Loeb, Scottsdale, for plaintiff-appellant.

Ryley, Carlock & Applewhite, P.A. Phoenix, by A. Daniel Sheffield, Jr., for defendant-appellee.

JACOBSON, Presiding Judge.

In this appeal, we consider whether the trial court erred in determining that the City of Scottsdale (City) acted in bad faith in abandoning its condemnation suit against the Paradise Valley Water Company (Water Company), thus entitling the Water Company its litigation expenses.

This is the second appeal in this matter. In the first appeal, *City of Scottsdale v. Paradise Valley Water Co.* (memorandum decision, 1 CA–CIV 4876, 1981) we held that a factual issue was presented as to whether the City's abandonment of the condemnation proceedings was in bad faith and therefore reversed a summary judgment in the City's favor. On remand and retrial, the following facts were developed. Between February, 1975 and October, 1977, the City attempted to purchase a portion of the Water Company's production and distribution facilities serving customers within the City's boundaries. In January, 1976, the City council decided that it was necessary to acquire those facilities through negotiation or condemnation. As a result of negotiation between the parties, the City council agreed to exclude all of the company's water production facilities along the Arizona Canal Bank from the City's proposed acquisition. This concession was made because the Water Company purportedly required these facilities to service its other water customers outside the City's geographical limits. Thus, the City intended to obtain nothing more than the Water Company's distribution system.

Based upon these negotiations, the City authorized several feasibility and revenue projection studies, and commissioned an engineer to formulate a design for isolating the Water Company's facilities from the facilities to be purchased. The Water Company similarly commissioned experts to appraise the property in question. On November 12, 1976, the City offered the Water Company $912,945 for the distribution system, and indicated that if this offer was unacceptable, condemnation proceedings would commence. The Water Company rejected the City's offer, based upon its own appraisal that fixed the property value at $1,900,000.

Although the City filed a complaint in condemnation on October 12, 1977, negotiations for transferring the Water Company's facilities continued. During this period, the City's prospects for obtaining water to utilize the distribution system became a concern, as wells drilled in the McCormick Ranch area proved unproductive. Furthermore, just prior to the City council's planned finalization of the proposed transfer agreement on May 2, 1978, the council received word that isolating the Water Company's remaining property would cost approximately $86,000 more than the $341,590 previously projected. Despite these problems, the city council approved a proposed agreement to acquire the distribution system.

The Water Company modified the proposed agreement, however, by adding a reservation of its rights to drill new wells along the Arizona Canal Bank. This added term presented yet another threat to the City's domestic water supply. Accordingly, on May 9, several council members indicated a desire to reassess the planned ac-

quisition. The City's staff then recommended abandoning the condemnation proceedings for various reasons, including the lack of water production facilities within the property to be transferred, the unanticipated increase in the cost of isolating the Water Company's remaining facilities, and the Water Company's apparent refusal to negotiate the transfer agreement in a cooperative manner. On May 23, 1978, the City council voted to abandon the condemnation action and thereafter the City filed a motion to dismiss the proceedings. The Water Company filed a response to this motion, requesting an award of all fees, costs and expenses incurred since negotiations for the City's purchase of its facilities began. After granting the City's motion to dismiss without a pre-trial conference or hearing relating to attorney's fees, the trial court granted the Water Company's motion for reconsideration and allowed the Company to submit an offer of proof. Subsequently, on June 22, 1979, the trial court again granted the City's motion to dismiss and declined to award expenses to the Water Company. This resulted in the previous appeal and reversal.

In our prior decision, we discussed the Division 2 opinion in *Whitestone v. Town of South Tucson*, 2 Ariz.App. 494, 410 P.2d 116 (1966). The *Whitestone* court ruled that:

> ... [T]he condemnor should carefully investigate to ascertain the value of the property sought to be condemned and should not proceed unless it has the set intention of paying the actual value of the property.... [A] condemnor who dismisses a condemnation action after trial should establish that the refusal to accept the determination of value reached is due to circumstances that it could not reasonably have foreseen, or else it should be held liable for the reasonable attorney's fees, witness fees and costs of the defendant.

*Id.* at 496–97, 410 P.2d at 118–19. In our prior memorandum decision addressing the present case, we stated:

Thus, in summary, the general rule is that the condemnee is entitled to costs and fees if:

1. The condemnor acted in bad faith in instituting or in abandoning the proceedings, or

2. the proceedings were not diligently prosecuted.

*State v. Helm*, ... [86 Ariz. 275, 282, 345 P.2d 202, 206–07 (1959)]. *One application* of this standard was used in *Whitestone* where it was held that a dismissal after trial is in bad faith unless the condemnor shows that the refusal to accept the valuation is due to circumstances that it could not have reasonably foreseen.

*Id.*, slip op. at 3, 4 (emphasis added).

On remand, the trial court interpreted our decision to require the application of a foreseeability standard. Thus, the City had to prove that its reasons for abandoning the suit could not have reasonably been foreseen, as the court below indicated:

> The Court of Appeals opinion ... states that *this* cause is controlled by *State v. Helm*, 86 Ariz. 275, 345 P.2d 202 (1959), and *Whitestone v. Town of South Tucson*, 2 Ariz.App. 494, 410 P.2d 116 (1966). Although *Whitestone* and *Helm* both involve post-trial dismissals by the condemnor, this Court feels bound by the pronouncement of the Court of Appeals in 1–CA–CIV–4876, including the pronouncement that the burden of proof is on the condemnor to show that the refusal to accept the evaluation after trial, or paraphrasing the pre-trial dismissal following institution of the litigation, is due to circumstances that it could not have reasonably foreseen.

The trial court found the City failed to sustain its burden of proof, and awarded the Water Company its requested expenses, stating:

> This Court does find ... that the five reasons as set forth by the City of Scottsdale for the dismissal of the condemnation proceedings ... are factually and legally insufficient; ... that the City of Scottsdale should have reasonably

foreseen that the condemnee would necessarily incur legal fees, engineering and appraisal fees and miscellaneous other expenses both prior to and subsequent to the filing of this action; and that the abandonment of this action based upon the circumstances was unreasonable and in bad faith; that the City of Scottsdale has failed to sustain the burden of proof required under *Helm* and *Whitestone, supra;* and based upon the mandate of the Court of Appeals in 1–CA–CIV–4876 this Court finds that Defendant, Paradise Valley Water Company is entitled to Judgment for the amount of attorney's fees, witness fees and costs reasonably incurred by said Defendant herein.

The court below thus awarded the Water Company $161,167.67 to cover its expenses in this matter.

■ The City argues that the trial court misinterpreted the above-quoted language from our memorandum decision to mandate the application of a so-called "foreseeability standard" in the present case. In *Whitestone,* the specific finding of bad faith due to the foreseeability of the result arose in the context of a post-trial dismissal of the condemnation action, which was based solely upon the final determination of the subject property's value. Where the valuation was foreseeable, and this valuation was the sole reason for abandonment of the condemnation, the abandonment was in bad faith. In our previous memorandum decision, we stated that this holding was merely *one application* of the bad faith standard set forth in *State v. Helm, supra,* for awarding expenses to condemnees. However, the foreseeability of factors giving rise to a condemnor's dismissal of the action commenced is only *one* element to be considered in determining whether the condemnor acted in bad faith and in and of itself may not be controlling. Thus, simply refusing to pay the adjudicated value can constitute bad faith. *Whitestone v. Town of South Tucson, supra.*

The City listed the following considerations to support its motion to dismiss:

(1) failure to negotiate a mutually satisfactory agreement for the City's immediate possession;

(2) the possibility of severance damages due to failure to negotiate an agreement successfully;

(3) the uncertainty of the City's water production without the Water Company's wells;

(4) the excessive cost of isolating the Water Company's facilities from those acquired by the City; and

(5) failure of wells being drilled by the City in the McCormick Ranch area.

■ Even though each of these occurrences may have been reasonably foreseeable to the City, no evidence presented serves to negate the City's good faith effort in negotiating a contract agreeable to both parties and in pursuing the condemnation action. This is a far cry from the circumstances in *Whitestone, supra,* where the City's decision to dismiss the action arose solely from its disappointment with the trial court's final determination of the value of the property. Here, the City decided to dismiss the proceedings before trial, after considering an array of factors that indicated condemnation was no longer in the City's interest.

To hold that the mere foreseeability of adverse circumstances suggesting dismissal of condemnation proceedings suffices to establish a condemnor's bad faith would be to stretch the *Helm* and *Whitestone* standards, *supra,* well beyond their intended scope. Moreover, in our opinion, the foreseeability of the Water Company's expenses, as cited by the trial court, is immaterial to a proper disposition of the instant matter. Otherwise, virtually all condemnors dismissing condemnation proceedings would be held to have acted in bad faith. This is not the result contemplated by *Helm* and *Whitestone.*

Finally, we address the Water Company's contention that Rule 41(a)(2), Arizona Rules of Civil Procedure, abrogates the common law requirement that the City's bad faith in abandoning the condemnation action be proven to justify an award of expenses to the Water Company. Rule 41(a)(2) states:

Except as provided in paragraph 1 of this subdivision of this Rule [regarding

dismissals prior to service of an answer, motion for summary judgment or by stipulation], an action shall not be dismissed at the plaintiff's instance save upon order of the court and *upon such terms and conditions as the court deems proper.* (emphasis added). In our view, this general grant of broad discretion to a trial court in the context of voluntary dismissals does not abrogate the specific "bad faith" standard set forth by *Helm, supra,* for purposes of awarding expenses to a condemnee.

Since we conclude that the trial court applied too narrow a test for the determination of bad faith, we reverse and remand for further proceedings in accordance with this opinion.

Reversed and remanded.

CORCORAN and CONTRERAS, JJ., concur.