739 P.2d 828

**ALL AMERICAN PIPELINE COMPANY, a Texas corporation, Plaintiff/Appellant,**

v.

**Wayne D. KLUMP, a resident of Arizona, Defendant/Appellee.**

**No. 2 CA–CV 5929.**

Court of Appeals of Arizona, Division 2, Department B.

April 23, 1987.

Review Denied June 30, 1987.

Snell & Wilmer by Lonnie J. Williams, Jr. and Carl F. Mariano, Phoenix, for plaintiff/appellant.

DeConcini McDonald Brammer Yetwin Lacy & Zimmerman by Douglas G. Zimmerman and Sharon M. Hensley, Phoenix, for defendant/appellee.

## OPINION

LIVERMORE, Presiding Judge.

Appellant, All American Pipeline Company, instituted an eminent domain action against appellee, Wayne Klump, to acquire an easement for a petroleum pipeline as permitted by A.R.S. § 12–1111(17). This action, filed on August 6, 1985, was dismissed by appellant on April 14, 1986. This appeal questions the award to appellee of $49,919.71 for litigation expenses and attorneys' fees. We reverse.

 Appellee first seeks to sustain the award under the provisions of A.R.S. § 11–972(A). That section reads:

The court having jurisdiction of a proceeding instituted by an acquiring agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in such real property, such sum as will reimburse such owner for his reasonable costs, disburse-

ments and expenses, including reasonable attorney, appraisal and engineering fees actually incurred because of the condemnation proceedings if either of the following occur:

1. The final judgment is that the acquiring agency cannot acquire the real property by condemnation.

2. The proceeding is abandoned by the acquiring agency.

For two reasons, this section is inapplicable. First, § 11–974, titled "When provisions and benefits available," reads:

This article may apply and be utilized by any acquiring agency by action of the governing or legislative body thereof and shall apply to all acquiring agencies when real property or improvements thereon are acquired or are to be acquired for a project for which federal financial assistance is to defray all, or part of, the costs of such project.

Neither clause is applicable on the facts of this case. Second, by its terms § 11–972(A) applies only to actions instituted by an "acquiring agency." That term is defined in § 11–961(1) as "the state, any department, agency, board or commission of the state, counties, school districts, cities, towns, all municipal corporations and any other political subdivision of the state, except the Arizona highway department." We see no way in which this language can be read to apply to All American Pipeline Company.[1] See *Richmond Elks Hall Association v. Richmond Redevelopment Agency*, 389 F.Supp. 486 (N.D.Cal.1975), affirmed, 561 F.2d 1327 (9th Cir.1977).

■ Alternatively, appellee argues that the award can be justified because appellant's abandonment of its eminent domain

proceeding was in bad faith. See *State v. Helm*, 86 Ariz. 275, 345 P.2d 202 (1959); *City of Scottsdale v. Paradise Valley Water Co.*, 152 Ariz. 251, 731 P.2d 616 (App. 1986). Because the trial judge did not state that this was the basis of the award, instead perhaps having relied on § 11–972(A), and because there are factual disputes that must be resolved before bad faith can be found, we remand for further proceedings. Because such proceedings are necessary, they may also encompass the propriety of the amounts sought by appellee.

Reversed.

HATHAWAY, C.J., and LACGNINA, J., concur.

---

1. Appellee relies heavily on the following statute:

§ 12–1115. **Right of state to enter and survey property for public use.**

A. Where land is required for public use, the state, or its agents in charge of such use, may survey and locate the land, but it shall be located in the manner which will be most compatible with the greatest public good and the least private injury.

B. The land may be entered upon to make examinations, surveys and maps thereof, and the entry constitutes no cause of action in favor of the owners of the land, except for

injuries resulting from negligence, wantonness or malice.

C. A person seeking to acquire property for any of the public uses authorized by this title is an agent of the state.

Assuming that subsection (C) is wholly unrelated to anything else in the section and that therefore appellant was an agent of the state in seeking to acquire its easement under § 12–1111(17), we cannot take the next step which is to define any agent of the state as a state agency under § 11–961(1). That simply tortures the English language beyond recognition.