Steven V. SUMMERS, Plaintiff,

v.

Sandra L. SJOGREN, Defendant.

No. 87–C–0219A.

United States District Court,
D. Utah, C.D.

Sept. 1, 1987.

Steven V. Summers, pro se.

Sandra L. Sjogren, Salt Lake City, Utah, pro se.

## ORDER OF DISMISSAL

(28 U.S.C. 1915(d) (1985).)

ALDON J. ANDERSON, Senior District Judge.

## BACKGROUND

The plaintiff, Steven V. Summers, brought suit under 42 U.S.C. § 1983 (1985) against Assistant Utah Attorney General Sandra L. Sjogren. A state claim, under Utah Code Ann. § 78-51-31 (1987), was included and is before this Court pendent to the § 1983 claim. Mr. Summers seeks compensatory damages, special damages (treble), legal costs and attorney fees, a trial by a judge without a jury, and other relief which the Court deems equitable and just.

Mr. Summers claims that Ms. Sjogren wrongfully caused his habeas corpus petition to be dismissed by knowingly giving the judge false information. Mr. Summers had filed a habeas corpus petition in the District Court of the Third Judicial District, in and for Salt Lake County. Related to the conviction which he was challenging by habeas corpus, Mr. Summers also moved that he be credited for time served prior to the conviction. This latter motion was denied and Mr. Summers appealed directly to the Utah Supreme Court.

Upon learning that Mr. Summers had directly appealed the denial of credit for time served, Ms. Sjogren moved to dismiss the habeas corpus petition. Her motion was based on two arguments. First, the third judicial district lacks jurisdiction over the entire case when any portion of it is on direct appeal to the Utah Supreme Court. Here, Mr. Summers was appealing the denial of credit for time served, which, although a different issue than habeas corpus, was still part of the same case. Second, Ms. Sjogren argued that Mr. Summers should have raised the habeas corpus issues in an appeal and, habeas corpus could not be substituted for that appeal.

In response, Mr. Summers argued that habeas corpus can be used collaterally with an appeal. He also argued that the appeal to the supreme court, although filed directly, was clearly interlocutory. And, in order to preserve his habeas corpus petition, Mr. Summers voluntarily dismissed the appeal. Finally, Mr. Summers argued that he had valid grounds for habeas corpus, namely: ineffective assistance of counsel which prevented appeal, and conviction on an an alleged felony charge that in fact could only have been a misdemeanor.

The third judicial district court dismissed Mr. Summers' habeas corpus petition, and he brought this § 1983 suit against Ms. Sjogren. Mr. Summers accuses Ms. Sjogren of knowingly giving the court false information and misleading it into believing that jurisdiction over the habeas corpus petition was lacking. Ms. Sjogren knew the appeal and the petition were different, he argues, yet she persisted in misinforming the court that the two were so connected that the petition was improper. Therefore, Mr. Summers alleges that Ms. Sjogren violated due process and Utah law.

This Court referred the case to the magistrate under 28 U.S.C. § 636(b)(1)(B) (1985)

who recommended that Mr. Summers' federal complaint be dismissed and that the state claims be denied pendent jurisdiction. Mr. Summers filed an objection to the magistrate's report. This Court has reviewed both the magistrate's report and Mr. Summers' objections to the report and recommendation.

## ANALYSIS

### Immunity

█ A prosecutor enjoys absolute immunity from suit under 42 U.S.C. § 1983 when acting within his or her jurisdictional scope. *Imbler v. Pachtman,* 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1975) (state prosecuting attorney's use of perjured testimony does not give rise to suit under § 1983 because of immunity). Mr. Summers recognizes prosecutorial immunity, but argues that it fails here because Ms. Sjogren was "not acting in a prosecutorial function during a trial phase." Ms. Sjogren acted in a post-conviction setting. While it is true that *Imbler* involved immunity at the trial level, 424 U.S. at 411–413, 96 S.Ct. at 985–987, immunity has also been extended to prosecutors in post-conviction hearings. *Demery v. Kupperman,* 735 F.2d 1139, 1144 (9th Cir.1984) (prosecutors immune from civil suits in post-litigation as well as prelitigation); *Henzel v. Gerstein,* 608 F.2d 654, 657 (5th Cir.1979) (immunity extended to prosecutor's handling of appeals). In this case, Ms. Sjogren does not lose immunity merely because she was acting in a post-conviction setting.

█ However, Mr. Summers argues, Ms. Sjogren was not within her prosecutorial function because she presented perjured evidence to the court. There is serious doubt that perjured testimony is involved in this case. Mr. Summers does not claim and the pleadings do not evidence that Ms. Sjogren was under oath and giving testimony when she moved the court to dismiss for lack of jurisdiction. Moreover, even if Ms. Sjogren did present perjured testimony in this case, the Supreme Court has upheld immunity in spite of perjured testimony. *Briscoe v. LaHue,* 460 U.S. 325, 345, 103 S.Ct. 1108, 1120–21, 75 L.Ed.2d 96 (1983) (police officer, with immunity akin to prosecutors, is protected from civil suit when giving false testimony).

█ Mr. Summers further argues that Ms. Sjogren acted outside the prosecutorial function because she knowingly gave the court false information, violating an obligation to present the truth. A prosecutor acts within the prosecutorial function anytime he or she is involved in the judicial process, i.e., presenting the state's case. *Martinez v. Winner,* 771 F.2d 424, 438 (10th Cir.1985). And, whenever a prosecutor is involved in presenting the state's case, he or she is immune, despite giving false information to the court. *Imbler,* 424 U.S. at 431, 96 S.Ct. at 995.

█ Moreover, even wrongful, improper, and unlawful acts by a prosecutor do not necessarily remove prosecutorial immunity. As the Ninth Circuit stated: "The fact that inducing false testimony is wrongful and indefensible is not relevant to the question whether immunity attaches." *Demery,* 735 F.2d at 1144. Accordingly, malice can be alleged and the prosecutor is still immune if acting within his or her prosecutorial function. *Grow v. Fisher,* 523 F.2d 875, 877 (7th Cir.1975). Mr. Summers' claims that Ms. Sjogren acted knowingly and willfully are not enough alone to remove immunity.

Absolute prosecutorial immunity does not mean that a prosecutor is always immune. The prosecutor must act within the prosecutorial function. Therefore, a prosecutor may lose immunity under certain circumstances, however, Mr. Summers does not allege that Ms. Sjogren's actions fall within any of those circumstances. Furthermore, Ms. Sjogren's motion to dismiss the habeas corpus petition was part of presenting the state's case and as such

within the prosecutorial function. Ms. Sjogren is immune.

■ In a citation to supplemental authority, Mr. Summers argues that immunity does not bar a cause of action; it is only an affirmative defense. *Davidson v. Scully,* 694 F.2d 50 (2d Cir.1982). *Davidson* treats qualified immunity, which is different from absolute prosecutorial immunity. Prosecutorial immunity is a complete protection from civil suit, if the prosecutor is acting within his or her scope of authority. *Imbler,* 424 U.S. at 427, 96 S.Ct. at 993.

*Pendent jurisdiction*

■ Mr. Summers argues that even if there is immunity, Ms. Sjogren loses that immunity under state law, and that this Court may hear a state claim such as the one he now advances. However, the decision to hear a state claim is discretionary with the Court. *United Mine Workers v. Gibb,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("... pendent jurisdiction is a doctrine of discretion, not of plaintiff's right...."). Furthermore, the U.S. Supreme Court has stated that "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *Id.*

In other words, if Mr. Summers federal claim, § 1983, is dismissed on the basis of immunity, the state claim should also be dismissed. *Atkinson v. City of Fort Collins, Colo.,* 583 F.Supp. 567, 570 (D.C.Colo. 1984) ("Having found plaintiffs' § 1983

claims to be without basis, there is no sound reason ... to accept pendent jurisdiction over the remaining state law claims...."); *Equity Oil Co. v. Consolidated Oil & Gas, Inc.,* 596 F.Supp. 507, 514 (D.C.Utah 1983) ("Since this court is dismissing ... federal claims ... state common law claim should also be dismissed for lack of subject matter jurisdiction.").

### CONCLUSION

Ms. Sjogren is entitled to prosecutorial immunity under the facts alleged. The federal claim should therefore be dismissed. The state claim is before this Court based upon pendent jurisdiction. Under the circumstances here, where the federal claim is dismissed, this Court should deny pendent jurisdiction over the alleged state claim.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED: that the complaint of the plaintiff herein under 42 U.S.C. § 1983 is dismissed with prejudice under 28 U.S.C. 1915(d) (1985), as frivolous. Pendent jurisdiction of the state claim is denied.