756 P.2d 348

**Evaristo SALAZ,**
**Plaintiff/Appellee/Cross–Appellant,**

v.

**CITY OF TUCSON, a municipal corporation, Defendant/Appellant/**
**Cross–Appellee.**

No. 2 CA–CV 87–0259.

Court of Appeals of Arizona,
Division 2, Department B.

May 24, 1988.
As Corrected Aug. 15, 1988.

---

**252**

Barassi, Curl & Burris by David L. Curl, Tucson, for plaintiff/appellee/cross-appellant.

Frederick S. Dean, City Atty. by Tobin Rosen, Tucson, for defendant/appellant/cross-appellee.

## OPINION

FERNANDEZ, Judge.

The issue on appeal in this inverse condemnation case is the propriety of the court's award of attorney's fees against the City of Tucson. On cross-appeal, the issue presented is the propriety of the court's dismissal of appellee Evaristo Salaz's cause of action against the City brought pursuant to 42 U.S.C. § 1983. We reverse the award of attorney's fees and affirm the dismissal.

This case arose out of the construction of water drainage improvements on the Coronado Ridge Wash. Salaz owned property located directly across Speedway Boulevard from a large parcel of land owned by Fairfield Communities, Inc. Although it is unclear from the record before us, it appears that the wash runs through both properties. Fairfield sought to develop its property, but the City of Tucson refused to give the required approvals until Fairfield secured an easement from Salaz for a downstream right-of-way. After negotiations, Salaz refused to sell any right-of-way to Fairfield. Thereafter, Fairfield and the City agreed in writing that the City would condemn a portion of Salaz's property, if necessary, and Fairfield would reimburse the City for its acquisition costs. The drainage improvements were then constructed.

Salaz initially filed suit against Fairfield Sunrise Village, Inc., for trespass and nuisance and then sued Fairfield Communities, Inc., and the City of Tucson on various other theories, including a cause of action against the City for violation of 42 U.S.C. § 1983. The City then filed suit to condemn the property. The consolidated cases were tried to a jury, resulting in a verdict of $231,700 against the City for the value of Salaz's land and a verdict of $400,000 against both Fairfield corporations as compensation for his personal injuries. In the condemnation portion of the case, the court awarded Salaz attorney's fees against the City in the amount of $31,500. Prior to trial, the court dismissed Salaz's § 1983 action against the City. Salaz sought special action relief from that dismissal, and this court declined to accept jurisdiction.

## ATTORNEY'S FEE AWARD

In Arizona, attorney's fees are recoverable only if they are permitted by the express provisions of a statute or by agreement. *United States Fidelity & Guaranty Co. v. Frohmiller,* 71 Ariz. 377, 227 P.2d 1007 (1951); *State Farm Mutual Automo-*

*bile Insurance Co. v. O'Brien,* 24 Ariz. App. 18, 535 P.2d 46 (1975). Arizona's direct condemnation statutes contain no provision for an award of attorney's fees. A.R.S. §§ 12–1111 through 12–1128. An inverse condemnation action is governed by the same statutes as a direct condemnation action. *State v. Hollis,* 93 Ariz. 200, 379 P.2d 750 (1963).

There is a limited statutory basis for the award of attorney's fees in certain inverse condemnation cases under A.R.S. § 11–972(B). However, that statute is specifically limited by § 11–974 which provides as follows:

> This article may apply and be utilized by any acquiring agency by action of the governing or legislative body thereof and shall apply to all acquiring agencies when real property or improvements thereon are acquired or are to be acquired for a project for which federal financial assistance is to defray all, or part of, the costs of such project.

Salaz made no showing to the trial court that the City's governing body has utilized that article. Therefore, the only basis for an attorney's fee award in this case would be the use of federal funds to defray all or part of the costs of the project. The record is devoid of any evidence that federal funds were used in the project. Instead, the record shows that Fairfield agreed to reimburse the City for all expenses incurred to acquire Salaz's property and for the engineering costs of the improvements. Fairfield also agreed to pay 50% of the construction costs. We refuse to accept Salaz's suggestion that the trial court must have presumed that, since a part of the project involved street work on Speedway Boulevard, federal funds would be involved.

A.R.S. § 11–972(A) also provides for an award of attorney's fees if the final judgment determines that the acquiring agency cannot acquire the real property by condemnation or if the proceeding is abandoned by the acquiring agency. Neither of those conditions exists in this case; therefore, § 11–972(A) does not apply. See *All American Pipeline Co. v. Klump,* 153 Ariz. 607, 739 P.2d 828 (App.1987).

We reverse the award of attorney's fees, since we find no basis for the award under Arizona law.

## § 1983 CLAIM

Salaz does not challenge the adequacy of his state law damage remedies available here and in fact sought and recovered damages in the condemnation action. Since there is no deprivation of his constitutional or statutory rights, there is no violation of 42 U.S.C. § 1983. *Atkinson v. City of Fort Collins, Colorado,* 583 F.Supp. 567 (D.Colo.1984).

There was no showing of any deliberate misuse of the City's eminent domain powers, as was the case in *Foster v. City of Detroit,* 405 F.2d 138 (6th Cir.1968), and *Foster v. Herley,* 330 F.2d 87 (6th Cir. 1964), neither of which was brought under § 1983. Nor do we find *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979), applicable here.

Reversed as to the award of attorney's fees; affirmed as to the dismissal of Salaz's § 1983 action.

LIVERMORE, P.J., and ROLL, J., concur.