NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JEFFREY ALAN OURSLAND, an unmarried man; SECURITY LENDERS, INC., an Arizona corporation

And

LAWYERS TITLE OF ARIZONA, INC., an Arizona corporation, formerly known as LandAmerica Title Agency, as Trustee under its Trust No. 10,002; SIEGEL ARIZONA PROPERTIES, L.L.C., a Utah limited liability company; COYOTE SPRINGS, L.L.C., an Arizona limited liability company, *Petitioners*,

*v.*

THE HONORABLE DAVID MACKEY, Judge of the SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of YAVAPAI, *Respondent Judge*,

ARIZONA PUBLIC SERVICE COMPANY, an Arizona public service corporation, *Real Party in Interest*.

No. 1 CA-SA 18-0100
FILED 6-21-2018

Appeal from the Superior Court in Yavapai County
No. P1300CV200901923; P1300CV200920124
The Honorable David L. Mackey, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Zeitlin & Zeitlin, P.C., Phoenix
By Dale S. Zeitlin
*Counsel for Petitioners*

Berry Riddell, LLC, Scottsdale
By Martin A. Aronson, Jeffrey D. Gross, Michael W. Zimmerman
*Co-Counsel for Real Party in Interest*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Kent E. Cattani joined.

**B E E N E**, Judge:

¶1        Jeffrey Alan Oursland; Security Lenders, Inc.; Lawyers Title of Arizona, Inc.; Siegel Arizona Properties, L.L.C.; and Coyote Springs, L.L.C. (collectively, "Oursland") seek special action relief from the superior court's order denying a request for attorneys' fees and appraisal costs following the court's dismissal without prejudice of Real Party in Interest Arizona Public Service Company's ("APS") action.  Because substantial evidence supports the court's order, we accept jurisdiction but deny relief.

**FACTS AND PROCEDURAL HISTORY**

¶2        In December 2009, APS filed an eminent domain action seeking 30-foot right-of-way easements ("Easements") over property owned by Oursland in Yavapai County to install and operate electrical power and transmission lines.[1]  At that time, APS also recorded a *lis pendens* on the subject properties.

_____

[1]        APS filed two actions in December 2009; one against Oursland and Security Lenders, Inc. and the other against Lawyers Title of Arizona, Inc.; Siegel Arizona Properties, L.L.C.; and Coyote Springs, L.L.C.  The cases

2

¶3        Oursland moved for summary judgment, arguing APS failed to produce any evidence showing it needed the Easements within a reasonable time.  In March 2012, the superior court (Judge Kenton Jones) granted Oursland's motion, finding that APS's action was arbitrary and capricious because APS (1) could not state with any degree of certainty when it would build on the Easements, (2) stated only that it may use the Easements in 15 years, and (3) provided no evidence when future residential or commercial needs would require this power line.

¶4        Shortly thereafter, APS moved to reconsider and supplied new information to the court.  In pertinent part, APS provided the Regional Transportation Plan Update from Yavapai County planning authorities ("Update").  The Update, which issued in June 2012 after the court's grant of summary judgment to Oursland, concluded that new construction of a major four-lane highway would bring significant commercial and residential development to the area and increased population would increase demand for electricity.  APS concluded it expected to build the power line on the Easements within the next 10 to 15 years.

¶5        After briefing and oral argument, in September 2012, the superior court (Judge Jones) granted APS's motion for reconsideration and reversed its previous grant of summary judgment to Oursland.  Noting that the Update did not issue until three months after its March 2012 summary judgment ruling, the court found that based upon the new information, particularly the Update,

> It is not unreasonable to assume that if construction of the boulevard is going to be complete by 2030 (18 years from now), as reflected within the above referenced RTP Update, that creation of the power line would need to occur within the next fifteen (15) years, as [APS] now asserts.
>
> * * * *
>
> [T]he fifteen (15) years now having been articulated based upon objective evidence of the need to coincide the provision of electrical utilities with the development of the area . . . is not arbitrary and capricious[.]

¶6        Following the court's September 2012 ruling, no action was taken in the case for more than three years.  Apparently, no deadlines were

were consolidated in June 2017; therefore, we address the matter as consolidated.

established and, despite that the matter was not placed on the inactive calendar, the parties and the court failed to move it forward. Then, in May 2016, Oursland moved for involuntary dismissal under Arizona Rule of Civil Procedure ("Rule") 41(b) for failure to prosecute and requested attorneys' fees under Arizona Revised Statutes ("A.R.S.") section 12-1129(B) and Arizona common law, claiming that APS acted in bad faith. The following month, Oursland moved for summary judgment, to set aside the court's September 2012 order, and for Rule 11 sanctions.

¶7 After briefing and oral argument, the superior court, Judge David Mackey now presiding, granted involuntary dismissal under Rule 41(b) and took Oursland's request for attorneys' fees under advisement. Without argument from the parties, the court also denied Oursland's motions for summary judgment, to set aside, and for sanctions.

¶8 The next month, the superior court denied Oursland's request for attorneys' fees. The court found that (1) the dismissal under Rule 41(b) for failure to diligently prosecute was not an adjudication on the merits, the court's own statements throughout the hearing reflected the lack of a ruling on the merits, and the court refused to revisit the prior ruling of Judge Jones in declining to find bad faith or lack of a legal basis for APS to file the condemnation action; (2) under A.R.S. § 12-1129(B), Oursland was not entitled to attorneys' fees because APS had not abandoned the proceeding to condemn the Easements on its own motion, and there was no final judgment that APS cannot acquire the Easements by condemnation because there was no ruling on the merits; (3) Oursland was not entitled to attorneys' fees under *State ex rel. Morrison v. Helm*, 86 Ariz. 275 (1959), and *Whitestone v. Town of South Tucson*, 2 Ariz. App. 494 (1966), because A.R.S. § 12-1129(B) superseded those cases, and there was no finding APS acted in bad faith; and (4) while APS was primarily responsible for timely prosecuting the case, Oursland was also responsible for assisting the court in moving the case forward but for tactical reasons did not. Following dismissal, APS released the *lis pendens* on the subject properties.

¶9 Oursland moved for reconsideration and for attorneys' fees under A.R.S. § 12-349, arguing APS brought and maintained the action without substantial justification and then continued it solely to delay and harass. While those motions were pending in the superior court, in October 2016, Oursland filed his first notice of appeal here, and the superior court subsequently denied both motions for lack of jurisdiction given Oursland's appeal.

4

¶10 In December 2016, we dismissed Oursland's appeal for lack of jurisdiction because the superior court's minute entry was unsigned and there was no final judgment. In June 2017, the superior court issued its final order of dismissal without prejudice, stating again that it was not an adjudication on the merits, and ordering each party to bear its own attorneys' fees but requiring APS to pay Oursland's taxable costs.

¶11 Oursland filed his second appeal and, the next month, we again dismissed for lack of jurisdiction because the dismissal was without prejudice. We denied Oursland's motion for reconsideration as well as his request to treat the appeal as a special action. Oursland's petition for review with the Arizona Supreme Court was denied. Oursland now seeks special action review.

## JURISDICTION

¶12 Although we previously denied Oursland's request to treat his second appeal as a special action, we stated that our denial did "not constitute an expression of [our] opinion about whether jurisdiction will be accepted on a petition for special action review." Accepting special action jurisdiction is appropriate here because we do not have appellate jurisdiction to review an attorneys' fee award (or denial of such award) in conjunction with the dismissal of an action without prejudice. *See Kool Radiators, Inc. v. Evans*, 229 Ariz. 532, 534-35, ¶¶ 8-11 (App. 2012). Thus, Oursland has no equally plain, speedy, and adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a).

## DISCUSSION

¶13 Oursland argues that the superior court erred in denying his request for attorneys' fees and appraisal costs. Specifically, Oursland asserts he is entitled to fees and costs because APS (1) brought the condemnation action and maintained it in bad faith, (2) does not have the right to acquire the Easements, (3) abandoned the action by failing to diligently prosecute, and (4) brought and maintained the action without substantial justification and then continued it solely to delay and harass.

¶14 "We defer to a trial court's factual findings, so long as they are supported by substantial evidence, but we review any issues of law de novo." *Sw. Soil Remediation, Inc. v. City of Tucson*, 201 Ariz. 438, 442, ¶ 12 (App. 2001). "[E]ven where conflicting evidence exists, this court will not reweigh the evidence and we affirm the trial court's ruling [if] substantial evidence supports it." *Sholes v. Fernando*, 228 Ariz. 455, 460, ¶ 15 (App. 2011) (citation and internal quotations omitted).

5

## I. No Finding APS Acted in Bad Faith

¶15        Oursland argues APS acted in bad faith because "APS simply could not satisfy a constitutional right to take the properties because it did not need them.  APS has admitted time after time, that it does not know when or if it will ever need these properties."

¶16        Public service entities have the right to take private property for public use, such as to install and operate power lines.  A.R.S. § 12-1111(10).  The taking must, however, be "necessary to such use."  A.R.S. § 12-1112(2).  As a condemning authority, APS "may legitimately consider future needs in determining what property and the amount of property is necessary for use," *City of Phoenix v. McCullough*, 24 Ariz. App. 109, 114 (App. 1975), but must act in good faith "in instituting and in abandoning [condemnation] proceedings," *Helm*, 86 Ariz. at 282.  A condemnor acts "in bad faith by arbitrarily initiating condemnation proceedings for land unnecessary for public use." *City of Sedona v. Devol*, 196 Ariz. 178, 183 (App. 1999).

¶17        The record shows that APS initiated the condemnation proceeding in December 2009.  By that time, APS had already acquired easements for 24 of the 27 acres it needed for the subject power line from Granite Dells Ranch Holdings for approximately $400,000.  In its September 2012 ruling, the superior court found that objective evidence, particularly the Update, showed it was reasonable that APS would need the Easements to construct the power line within 15 years to coincide with the construction of a new highway and development in the area.  The court found APS's taking was not arbitrary and capricious because, based upon future needs for electrical utilities, it was necessary for public use.  *See McCullough*, 24 Ariz. App. at 114.  Thus, the court found APS had a legal basis in instituting the condemnation action and did not act in bad faith.  *See Devol*, 196 Ariz. at 183.  Oursland's argument that APS did not know if or when it would ever need the Easements is without merit.

¶18        In its October 2016 ruling, the court specifically declined to revisit its prior rulings — that APS did not act in bad faith or lacked a legal basis for filing the condemnation action.  Accordingly, the court determined that APS's proposed taking of the Easements was both reasonable and necessary for public use.  Again, the record reflects that a new major four-lane highway may be constructed by 2030, bringing significant development and increased population to the area, thereby requiring APS to build the power line within 10 to 15 years to meet increased demand for electricity.  Substantial evidence supports the court's ruling and we find no

error. *See Sholes*, 228 Ariz. at 460, ¶ 15; *see also City of Phoenix v. Superior Ct.*, 137 Ariz. 409, 412 (1983) ("[A] condemnor's determination of necessity should not be disturbed on judicial review in the absence of fraud or arbitrary or capricious conduct.") (citation omitted).

**¶19** Furthermore, while we agree with Oursland that *Helm* and *Whitestone* are still good law, they do not support his position that he is entitled to attorneys' fees and costs. Here, there was no finding of bad faith. And, both *Helm* and *Whitestone* are distinguishable because they involve post-trial dismissals initiated by the condemnor. *See Helm*, 86 Ariz. at 282-83 (remanding to trial court with direction to take evidence and award fees to property owner after condemnor requested to abandon case pending appeal and after trial court approved taking and decided value of just compensation condemnor deemed excessive); *Whitestone*, 2 Ariz. App. at 496-97 (remanding to trial court with direction to determine whether condemnor acted in good faith and award fees to property owner after condemnor requested to abandon case following jury award of just compensation condemnor deemed excessive).

## II. No Finding that APS Cannot Acquire Easements or that APS Filed an Abandonment Motion

**¶20** The court must award the property owner subject to a condemnation action reasonable attorneys' fees and appraisal costs, "actually incurred[2] because of the condemnation proceeding" if:

> 1. The final judgment is that the plaintiff cannot acquire the real property by condemnation[; or]
>
> 2. The proceeding is abandoned on a motion by the plaintiff.

A.R.S. § 12-1129(B).

---

[2] APS argues that no evidence showed Oursland "actually incurred" attorneys' fees because Oursland had a contingency fee agreement with his counsel and any amendment to the agreement imposing an hourly fee "appears to have been backdated." Because we find Oursland is not entitled to fees under Arizona Revised Statutes section 12-1129(B), we do not address APS's argument.

## A. No Ruling on Merits

¶21 Oursland argues that the court should have found that APS does not have the right to acquire the Easements because APS "would not need the properties for at least another decade or more. And even that was no more than pure speculation."

¶22 A condemning authority may "take not only such property as is necessary to satisfy present needs, but may acquire such additional property as will be put to public use within a reasonable time thereafter. In determining what constitutes a reasonable time, the surrounding circumstances must be considered." *McCullough*, 24 Ariz. App. at 115.

¶23 In its September 2012 order reversing its previous grant of summary judgment to Oursland, the superior court found that

> It is not unreasonable to assume that if construction of the boulevard is going to be complete by 2030 (18 years from now), as reflected within the above referenced RTP Update, that creation of the power line would need to occur within the next fifteen (15) years, as [APS] now asserts. It is also not unreasonable to assume that if that nine (9) mile stretch of road is going to be *completed* by 2013, and that initial construction is going to *begin* at the southern end of the planned roadway; that portion of the roadway being within the service area requiring construction of the power line, acquisition of the property and construction of the power line will be required prior to 2030, and that construction may, therefore, be required in less than 15 years.

> * * * *

> [T]he fifteen (15) years now having been articulated based upon objective evidence of the need to coincide the provision of electrical utilities with the development of the area . . . is not arbitrary and capricious[.]

¶24 The superior court considered the surrounding circumstances (construction of a roadway requiring construction of the power line in advance) to determine that APS would need to acquire and use the Easements within a reasonable time (less than 15 years) to build the power line at issue. Contrary to Oursland's contention, APS's 15-year timeframe was not speculative as it was supported by objective evidence showing APS needed the Easements within a reasonable time.

¶25 In its subsequent October 2016 ruling dismissing the action, the court stated that dismissal for APS's failure to diligently prosecute was not an adjudication on the merits, meaning there was no finding that APS was precluded from acquiring the Easements. And the court's final order of dismissal again reiterated that dismissal was not a ruling on the merits. Thus, because there was no final judgment that APS cannot acquire the Easements, Oursland is not entitled to attorneys' fees and costs under A.R.S. § 12-1129(B)(1).

## B. APS Did Not Abandon the Proceeding

¶26 Oursland contends that by failing to diligently prosecute and "purposefully delaying these actions, APS should be considered to have de facto abandoned this proceeding."

¶27 First, Oursland is not entitled to fees and costs because APS failed to diligently prosecute. A plaintiff has a duty "to see that his case is brought up for trial within a reasonable time[;]" failure to do so may result in dismissal. *Price v. Sunfield*, 57 Ariz. 142, 148-49 (1941). In dismissing APS's action, the superior court found, and the record reflects, that APS failed to diligently prosecute this matter for more than three years. APS had the burden to prosecute and we disagree with the court's finding that Oursland was also responsible for moving it forward. Nevertheless, the consequence for APS's delay is dismissal of the action. Dismissal is Oursland's remedy here. But dismissal for failing to prosecute does not equate to abandonment nor to an award of attorneys' fees and costs under A.R.S. § 12-1129(B)(2).

¶28 Next, APS's failure to prosecute does not constitute *de facto* abandonment. Oursland cites to *Devol*, 196 Ariz. at 182, in support of this assertion. Oursland's reliance is misplaced as *Devol* involved a situation significantly different than the instant case. In *Devol*, property owners sought attorneys' fees and costs in defending against a condemnation action initiated by the City of Sedona. *Id*. at 179, ¶ 2. The owners argued that when the City twice amended its complaint to modify the location and amount of land to be condemned, each complaint constituted a new proceeding and an abandonment of the prior proceeding. *Id*. at 181, ¶ 14. The court disagreed, finding that "merely by amending its complaint to adjust the scope of its proposed condemnation," the City did not abandon its proceeding subjecting it to statutory liability for fees and costs. *Id*. at 181-82, ¶ 18. The court clarified that "[w]e can envision an amended complaint in condemnation that changes the nature of the action so completely as to amount to . . . abandonment . . . [and] . . . do not rule out

the possibility that such a case, if it arises, might satisfy both the statutory and common law standard of abandonment of proceedings." *Id.* at 182, ¶ 18. Such is not the case here.

**¶29** Last and more importantly, given the plain language of the statute, APS's delay is not an abandonment on its own motion. An award of attorneys' fees and costs is required when "[t]he proceeding is abandoned *on a motion by the plaintiff*." A.R.S. § 12-1129(B)(2) (emphasis added). In declining to award Oursland fees and costs after granting involuntary dismissal, the superior court found that APS had "not abandoned the proceedings on its own motion." Oursland cites no authority, and we find none, supporting his argument that by failing to diligently prosecute, APS effectively abandoned the proceeding. APS did not file a motion to abandon this proceeding, and we decline to read into or expand the statute as Oursland requests. *See Ariz. Sec. Ctr., Inc. v. State*, 142 Ariz. 242, 244 (App. 1984) (statute's language "is the best and most reliable index of its meaning, and where language is clear and unequivocal it is determinative of its construction."); *Deatherage v. Deatherage*, 140 Ariz. 317, 320 (App. 1984) ("The legislature is presumed to express its meaning as clearly as possible and therefore words used in a statute are to be accorded their obvious and natural meaning."); *City of Phoenix v. Donofrio*, 99 Ariz. 130, 133 (1965) (we may not "inflate, expand, stretch or extend a statute to matters not falling within its expressed provisions"); *State ex rel. Morrison v. Anway*, 87 Ariz. 206, 209 (1960) (we "cannot read into a statute something which is not within the manifest intention of the legislature as gathered from the statute itself").

**¶30** Given the plain meaning of the statute's text, APS did not abandon the proceeding on its own motion. Thus, Oursland is not entitled to fees and costs under A.R.S. § 12-1129(B)(2).

## III.  APS's Action was Not Groundless

**¶31** Oursland argues that APS initiated, maintained, and prolonged this action in "bad faith" and in a "predatory fashion[,]" knowing it did not need the Easements, and "continued to fabricate reasons to justify its need" for the Easements.

¶32 In pertinent part, A.R.S. § 12-349(A) provides that the court must award attorneys' fees "if the attorney or party . . . [b]rings or defends a claim without substantial justification . . . solely or primarily for delay or harassment . . . [or] [u]nreasonably expands or delays the proceeding." "[W]ithout substantial justification means that the claim or defense is groundless and is not made in good faith." A.R.S. § 12-349(F). "Section 12-349 was enacted with the express purpose of reducing groundless lawsuits." *Phoenix Newspapers, Inc. v. Dep't of Corrections*, 188 Ariz. 237, 244 (1997). A party seeking attorneys' fees under § 12-349 must prove, "by a preponderance of the evidence, that the [opposing party's] lawsuit was groundless, in bad faith and harassing." *Id*.

¶33 The record belies Oursland's repeated assertions that APS brought and maintained this action in bad faith and that it never needed the Easements. There has been no finding that APS acted, at any time, in bad faith; no finding that APS purposely delayed the action to harass; and no finding that APS did not need the Easements. To the contrary, the record reflects, and the superior court found, that APS's action was not arbitrary or capricious because objective evidence showed APS needed the Easements within a reasonable time. Indeed, APS would need to build the power line within 10 to 15 years to accommodate the increased development and population stemming from the new highway expected by 2030. Thus, Oursland has failed to show by a preponderance of the evidence that APS's action is groundless.

¶34 Moreover, because the court dismissed the action without prejudice and without an adjudication on the merits, Oursland is not the prevailing party and therefore not entitled to attorneys' fees. *See Monti v. Monti*, 186 Ariz. 432, 435 (App. 1996), *superseded by rule on other grounds*, ("Only the party who prevails on the merits can seriously argue that the other's claim was groundless. A trial court cannot make a finding of 'groundlessness,' nor can an appellate court review such a finding, without considering the merits of the challenged claim.").

## CONCLUSION

¶35 Because substantial evidence supports the superior court's denial of Oursland's request for attorneys' fees and appraisal costs, we accept special action jurisdiction but deny relief. We also deny Oursland's request for attorneys' fees and costs for this special action.



AMY M. WOOD • Clerk of the Court
FILED: AA