681 P.2d 469

**In re the Marriage of Beverly June DEATHERAGE, Petitioner-Appellee,**

v.

**James Harold DEATHERAGE, Respondent-Appellant.**

**No. 1 CA–CIV 6242.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 10, 1984.

Reconsideration Denied Feb. 16, 1984.

Review Denied May 22, 1984.

318

Mitchell, Jensen & Timbanard, P.C. by Sheldon Mitchell, Kerry B. Moore, Phoenix, for petitioner-appellee.

Burch & Cracchiolo by Daniel Cracchiolo, Daryl Manhart, Phoenix, for respondent-appellant.

## OPINION

OGG, Judge.

The appellant, James H. Deatherage (husband) appeals from that portion of a decree of dissolution of marriage awarding appellee, Beverly J. Deatherage (wife), $750.00 per month spousal maintenance.

The parties were married on July 3, 1951. On September 12, 1980, the wife filed for dissolution of marriage. Prior to trial on the petition for dissolution, the parties entered into a stipulation dividing their property and further providing that only two issues remained for trial: the amount, if any, of spousal maintenance, and whether there was to be any award of attorney's fees.

The only issue now before this court is that of spousal maintenance. Husband's specific contention is that the trial court erred in not considering certain non-income producing real properties apportioned and reconfirmed to the wife by the stipulation in determining her eligibility to receive spousal maintenance pursuant to A.R.S. § 25–319(A). We agree.

■ The question of spousal maintenance is left to the sound discretion of the trial court, and an appellate court will not substitute its judgment for that of the trial court unless there has been a clear abuse of discretion. *Cooper v. Cooper*, 130 Ariz. 257, 635 P.2d 850 (1981). However, spousal maintenance is impermissible unless a spouse meets the requirements of A.R.S. § 25–319(A). *In re Marriage of Hinkston*, 133 Ariz. 592, 653 P.2d 49 (App.1982).

A.R.S. § 25–319(A) provides as follows:

A. In a proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse *only* if it finds that the spouse seeking maintenance:

1. Lacks *sufficient property, including property apportioned to such spouse,* to provide for his or her reasonable needs; *and*

2. Is unable to support himself or herself through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to support himself or herself. (emphasis added)

■ Pursuant to the statute, the trial court was required to find that the wife lacked sufficient property to provide for her reasonable needs *and* was unable to support herself through appropriate employment or lacked earning ability in the labor market to support herself prior to awarding the wife maintenance.

Husband concedes that the trial court's determination that the wife was either unable to support herself through appropriate employment or lacked earning ability in the labor market is sufficiently supported by the record to withstand appellate review. *See Cooper v. Cooper, supra.* As noted above, husband's contention is that the wife possesses sufficient property to provide for her reasonable needs.

The record indicates that as a result of the parties' stipulation regarding division of property, the wife received cash and bank deposits totaling approximately $54,-000, Arizona Public Service stock worth approximately $13,700, a receivable for approximately $9,000, as well as her clothing and jewelry, the household furnishings and appliances, her individual retirement account, automobile, and the family residence. Additionally, the wife received five acres of undeveloped real property having an equity value of approximately $77,000, all of the above constituting her share of the parties' community property. As her separate property, the wife had reconfirmed to her a five-acre parcel of undeveloped real property valued at $95,000.

The husband properly notes that certain of the property received by the wife will necessarily be used by her and not be available for her support. This would include her clothing and jewelry, the household furnishings and appliances, her automobile, and even the family residence. Additionally, the $9,000 receivable, owed by the parties' son, and the wife's individual retirement account are not reasonably capable of producing income to go toward the wife's support. Nonetheless, the wife possesses "liquid" assets totaling nearly $68,000 as well as real property with a total equity of approximately $172,000.

As the husband has pointed out, the record clearly indicates that the trial court chose not to consider the substantial non-income producing property of the wife in deciding the maintenance issue:

THE COURT: The record may show that I just had a bench conference with

counsel. Taking the petitioner's position in the strongest light, to-wit: One: She needs $1,400 a month; Secondly: Only the two liquid assets should be considered by the Court in counting income towards her own maintenance, which would be $5,400, approximately, in cash and $13,700 in stock—oh, I meant to say $54,000, giving a total in round figures of $68,000. At a ten percent rate, which this Court would feel would be relatively conservative today, that would then give her approximately $6,800 a year of income, and that her need of $1,400 a month comes to $16,800 or a need of $10,000, which would be a little bit over $800 per month. Fine.

■■■ The effect of wife's argument would be to read into the statute: sufficient "income producing" property, rather than the words "sufficient property" as chosen by the legislature. The legislature is presumed to express its meaning as clearly as possible and therefore words used in a statute are to be accorded their obvious and natural meaning. *Toney v. Bouthillier*, 129 Ariz. 402, 631 P.2d 557 (App.1981). "Property" in its ordinary sense is not limited to income producing property. Had the legislature intended such a limitation, we presume it would have used language expressing this intent. *See Toney v. Bouthillier, supra.* Absent such language of limitation, we hold that "property", as used in A.R.S. § 25–319(A), means all property capable of providing for the reasonable needs of the spouse seeking maintenance. This would include community and separate property awarded to the maintenance-seeking spouse. Additionally, it would include property presently producing income as well as property capable of producing income or otherwise transformed in order to provide for the reasonable needs of the spouse.

Wife takes the position that, by considering non-income producing property in determining a spouse's statutory eligibility to receive spousal maintenance, the courts would require a spouse to change the nature of the property apportioned to that spouse and enter the arena of property management, investment counseling and tax consulting. We realize that, by considering non-income producing property in determining eligibility to receive maintenance, the spouse may be indirectly influenced to either borrow against the equity in the property or convert the property into a form which yields income. However, this is the result which inevitably flows from the statutory language in issue.

We believe that any limited effect the court's maintenance determination might have on the nature or form of the maintenance-seeking spouse's property is no greater than our courts have exercised previously in the context of dissolution proceedings. *See Patterson v. Patterson*, 102 Ariz. 410, 432 P.2d 143 (1967) (husband not entitled to reduced support and maintenance payments despite lower income where court determines he had a greater income capacity).

■■■ The cases cited by wife in support of her contention that only income producing property should be considered under A.R.S. § 25–319(A)(1) are unpersuasive and distinguishable. In *Hurley v. Hurley*, 94 N.M. 641, 615 P.2d 256 (1980), the statute pertaining to the award of "alimony" does not require the trial court to make an initial determination as to whether the spouse seeking alimony has sufficient property to meet his reasonable needs.[1] The decision to award alimony "rests within the sound discretion of the trial court." 94 N.M. at 646, 615 P.2d at 261. In *Miranda v. Miranda*, 596 S.W.2d 61 (Mo.App.1980), the court stated: "[a]ppellant should not be required to *use up* her marital property, set off to her, to provide for her maintenance needs". (emphasis added). 596

---

1. § 40–4–7(B), N.M.S.A.1978, provides in pertinent part as follows:
  B. On final hearing, the court:
  (1) may allow either party such a reasonable portion of the spouse's separate property, or such a reasonable sum of money to be paid by either spouse, either in a single sum, or in installments, as alimony, as under the circumstances of the case may seem just and proper;

S.W.2d at 65. Wife is not being required to "use up" her property. The trial court is merely required to consider the income potential of the property as a factor in determining (a) whether a spouse is entitled to spousal maintenance; and if so (b), what amount.

■ We therefore conclude that the trial court erred in not considering the two parcels of non-income producing property owned by the wife. The undisputed equity value of the two parcels is $172,000. Based upon the trial court's determination that a return of ten percent was an appropriate, and in fact conservative estimate, it is clear that the wife's total properties are capable of yielding well in excess of her reasonable needs of $16,800 per year. Hence, the wife is not entitled to spousal maintenance pursuant to A.R.S. § 25-319(A)(1).

However, we realize that the wife may require some time to make the non-income producing properties productive or income producing as she may choose. We believe that two years is ample time to accomplish this.[2] In this regard, the wife has a number of viable alternatives. She may choose to sell all or part of the non-income producing property. She may choose to encumber part or all of the property in order to have income. Or she may choose to do nothing and just retain the property in its present form. Whatever her decision, the immutable fact remains that she does have "sufficient property" which could "provide for ... her reasonable needs" as contemplated by A.R.S. § 25-319(A)(1).

Accordingly, we remand this matter to the trial court and instruct the court to modify its judgment by awarding the wife maintenance of $750.00 per month, for a period to terminate two years from the date of this decision.

CONTRERAS, P.J., and FROEB, J., concur.

2. Counsel for the husband agreed in oral argument to the two-year cutoff date.