NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

RODRIGO MEJIA, *Petitioner/Appellant*,

*v.*

GLORIA MEJIA, *Respondent/Appellee*.

No. 1 CA-CV 13-0126
FILED 05/06/2014

Appeal from the Superior Court in Maricopa County
No. FC2010-001136
The Honorable Thomas L. LeClaire, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Law Offices of John R. Zarzynski, Phoenix
By John R. Zarzynski
*Counsel for Petitioner/Appellant*

Gloria Mejia
*Respondent/Appellee in Propria Persona*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

---

**P O R T L E Y,** Judge:

¶1 Rodrigo Mejia ("Husband") appeals the orders in the amended decree of dissolution requiring him to pay spousal maintenance and child support. For the following reasons, we affirm in part, vacate in part, and remand.

## FACTS AND PROCEDURAL HISTORY

¶2 Husband and Gloria Mejia ("Wife") married in 2003, and have two minor children. Husband filed a petition to dissolve the marriage, which was dismissed but later reinstated. After a trial, the family court entered its decree of dissolution.

¶3 Husband filed a motion for new trial. After consideration of the pleadings, the court amended the decree. Specifically, the court modified the child support award to $528.46 from $441.00, after attributing full-time minimum wage to Husband, as well as $1300 per month as an in-kind gift because Husband was living rent free with his parents. In reaching the new child support award, the court considered but did not change the spousal maintenance award of $500 per month for thirty-six months. Husband then filed this appeal.

## DISCUSSION[1]

### I.       Spousal Maintenance

¶4          We review the award of spousal maintenance for an abuse of discretion. *Deatherage v. Deatherage*, 140 Ariz. 317, 319, 681 P.2d 469, 471 (App. 1984).   We view the evidence in the light most favorable to sustaining the award and affirm if any reasonable evidence supports it. *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9, 166 P.3d 929, 931 (App. 2007). A court abuses its discretion if the record is devoid of evidence supporting the trial court's decision, *Little v. Little*, 193 Ariz. 518, 520, ¶ 5, 975 P.2d 108, 110 (1999), or the court made an error of law. *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455-56, 652 P.2d 507, 528-29 (1982).

¶5          To determine whether the court abused its discretion in making a spousal maintenance award, we will consider whether the spouse who received the award is statutorily qualified to receive maintenance. *Thomas v. Thomas*, 142 Ariz. 386, 390, 690 P.2d 105, 109 (App. 1984); *see* Ariz. Rev. Stat. ("A.R.S.") § 25-319(A).[2]   We will then consider whether the court properly evaluated the statutory factors in considering the amount of the award and its duration. *Thomas*, 142 Ariz. at 390, 690 P.2d at 109; *see* A.R.S. § 25-319(B).  The court need not consider § 25-319(B) factors that do not apply, *Cullum v. Cullum*, 215 Ariz. 352, 355, ¶ 15, 160 P.3d 231, 234 (App. 2007), but must consider any evidence presented on an applicable factor. *See Elliott v. Elliott*, 165 Ariz. 128, 136, 796 P.2d 930, 938 (App. 1990) (noting that the court was required to consider evidence that wife presented regarding factors six and seven of § 25-329(B)).

¶6          Husband does not dispute that Wife qualified for spousal maintenance under § 25-319(A).  Rather, he argues that the family court abused its discretion by awarding her any spousal maintenance because the court improperly analyzed factors four and five in § 25-319(B).

---

[1] Wife did not file an answering brief before.  After the scheduled conference date, she filed a motion to continue so that she could file a brief arguing that her lawyer had abandoned her.  After considering the response of Husband, we granted the motion and Wife filed her brief on April 29, 2014.

[2] We cite to the current version of the applicable statute absent any material revisions.

### A. Factor Four

**¶7**        Section 25-319(B)(4) provides that the court consider "[t]he ability of the spouse from whom maintenance is sought to meet that spouse's needs while meeting those of the spouse seeking maintenance." Here, the court initially found in the decree that: "Father was employed and was the primary bread winner for the family.  Prior to losing his job or leaving his job, depending upon which version of facts prevails, Father earned approximately $60,000 per year."

**¶8**        There was, however, no evidence in the record to support the family court's finding that Father may have left his job voluntarily. Instead, the undisputed record shows that he was involuntarily laid off from his job as an architectural drafter from three different drafting jobs because two companies filed for bankruptcy and the third did not have enough business.  And, although Husband was applying for drafting jobs, employers were not hiring.

**¶9**        Moreover, there was no evidence to support the finding that Husband earned "approximately $60,000 per year."   The evidence demonstrated that Husband made $56,000 in 2008; that he testified that he earned about $44,000 in 2009, even though his tax return for that year stated that he made $21,000; that he earned $12,000 in 2010; and that at the time of trial he was earning $10.00 per hour for part-time work at Home Depot.  Moreover, a vocational consultant testified that Husband could only earn between $9 and $13 per hour with his current marketable skills.

**¶10**        After acknowledging that it had incorrectly found that Husband's annual earning potential was $60,000, the court, in granting the new trial motion, attributed a full-time, monthly minimum wage of $1326 as Husband's present income and added the in-kind gift of free housing with his parents of $1300 per month for a total of $2626 per month for the child support calculation.  The court, however, reiterated its spousal maintenance award to Wife.

**¶11**        The record, however, does not reflect that the court considered Husband's actual earnings in reiterating the spousal maintenance award.  Although he only earned $800 per month, and was attributed $2626 per month, he was still required to pay $500 a month in spousal maintenance, and $528.46 in child support.  Generally, and in the absence of evidence that Husband voluntarily reduced his income, which does not exist here, the court was required to consider his actual income while calculating spousal maintenance.  *See Pullen v. Pullen*, 223 Ariz. 293,

297-98, ¶¶ 14-18, 222 P.3d 909, 913-14 (App. 2009) (noting that the court must balance five factors and other evidence to determine whether to use actual income or earning capacity to calculate spousal maintenance when a spouse has voluntarily reduced income). Because there is no evidence that Husband voluntarily reduced his income, the court should have determined spousal maintenance in light of his actual income and the other factors under § 25-319. *Cf. id.*; *see Leathers*, 216 Ariz. at 377, ¶ 13, 166 P.3d at 932.

### B. Factor Five

**¶12** The fifth factor of § 25-319(B) requires that the court examine "[t]he comparative resources of the spouses, including their comparative earning abilities in the labor market." The family court correctly found that Husband had the greater comparative earning ability.

**¶13** The court found that: "Father has a far greater capability of earning a significant amount of money. Mother's lack of work experience and her demands as the primary custodial parent preclude her earning a significant amount of money in the labor market." The evidence supports the finding. Husband, an architectural drafter, was enrolled at Arizona State University and if he completed his civil engineering studies, his estimated salary would be in the low to mid $50,000's by 2014 or 2015. Mother, on the other hand, quit her job for part of their marriage to care for the children, was working part-time at Catholic Charities for $9.96 per hour, and had primary physical custody of the children.

**¶14** Although Husband's current earnings are just pennies more than Wife's, it is not our job to re-weigh all of the evidence. *See Pullen*, 223 Ariz. at 298, ¶ 22, 222 P.3d at 914. Given Husband's education, skill and experience, even though he was only working for Home Depot, the reasonable evidence supports the finding that Husband has a greater earning capacity than Wife.

**¶15** Accordingly, given that the court did not weigh Husband's actual earning ability with the other factors under § 25-319(B) to determine the spousal maintenance award, we vacate the spousal maintenance award and remand the issue for the court's consideration. *See Leathers*, 216 Ariz. at 377, ¶ 13, 166 P.3d at 932 (finding that the court abused its discretion in determining the amount of spousal maintenance owed to the wife when earnings attributed to husband were not supported by the record).

## II.    Child Support

**¶16**        We also review the child support award for an abuse of discretion.  *Cummings v. Cummings*, 182 Ariz. 383, 385, 897 P.2d 685, 687 (App. 1994).   A court abuses its discretion if the record lacks evidence supporting the trial court's decision, *Little*, 193 Ariz. at 520, ¶ 5, 975 P.2d at 110, or the court made an error of law.  *Grant*, 133 Ariz. at 455-56, 652 P.2d at 528-29.  We interpret the Arizona Child Support Guidelines, A.R.S. § 25-320 app. (the "Guidelines"), de novo.[3]  *Strait v. Strait*, 223 Ariz. 500, 502, ¶ 6, 224 P.3d 997, 999 (App. 2010).  We affirm the court's ruling if legally correct for any reason.  *Forszt v. Rodriguez*, 212 Ariz. 263, 265, ¶ 9, 130 P.3d 538, 540 (App. 2006).

**¶17**        Husband argues that the family court erred by attributing $1300 per month income to him as an in-kind gift under the Guidelines to calculate child support.   The amount represents the monthly rent his parents allow him to forego while living with them for free.  Husband contends that the court erred by relying on *Patterson v. Patterson*, 226 Ariz. 356, 248 P.3d 204 (App. 2011), in its order to calculate his gross income and amend his child support obligation.

**¶18**        The Guidelines require the court to consider the gross income of each parent; which is "the actual money or cash-like benefits received by the household which is available for expenditures." *Cummings*, 182 Ariz. at 385, 897 P.2d at 687.  Gross income is defined in the Guidelines as:

> [I]ncome from any source, and may include, but is not limited to, income from salaries, . . . recurring gifts, prizes, and spousal maintenance.  Cash value shall be assigned to in-kind or other non-cash benefits . . . .  Income from any source which is not continuing or recurring in nature need not necessarily be deemed gross income for child support purposes.

Guidelines § 5(A).  Gross income could also include any employment benefits if the benefits are "significant and reduce personal living

---

[3] We cite to the current version of the Guidelines absent any material revisions.

expenses." Guidelines § 5(D); *Patterson* 226 Ariz. at 360, ¶ 11, 248 P.3d at 208 (noting that the value of military housing could be considered as gross income if the value was significant and reduced husband's living expenses).

**¶19** Gross income can also include a continuous and recurring gift a spouse receives from his or her parents. *Cummings*, 182 Ariz. at 384-85, 897 P.2d at 686-87. In *Cummings*, in addition to the gifts mother received from her parents, she was living rent free in a house they owned and were still paying the mortgage. *Id.* The court included the mortgage payments to determine the mother's gross income as recurring gifts because she had lived there rent free for eighteen months while her parents paid the mortgage payments. *Id.* at 385, 897 P.2d at 687.

**¶20** Although *Patterson*, which as noted above concerned the value of military housing, is not directly applicable here, we can affirm the child support award if otherwise legally correct. *Perez*, 141 Ariz. at 464, 687 P.2d at 1219 (noting that it does not matter if the court relied on the wrong reason provided the correct legal result is reached). And, *Cummings* supports the court's decision.

**¶21** The trial testimony revealed that the couple was paying about $1400 per month for the two years they were living with Husband's parents. Once they separated, Wife remained in the house with the children, while Husband continued to pay rent and utilities. After Wife and the children left, Husband moved back in but rent free.[4]

**¶22** The court considered the free rent in ruling on Husband's motion for new trial, and attributed $1300 per month to Husband's income as an in-kind gift. Although Husband argues that the in-kind gift undermines the charity of his parents, *Cummings* recognizes that the argument "is speculative and outweighed by the statutory policy that child support orders be equitably based on the financial resources of each parent." 182 Ariz. at 387, 897 P.2d at 689. Consequently, the court did not abuse its discretion when including the free rent as a recurring gift to Husband from his parents.

---

[4] The affidavit of financial information at the time of trial noted that Husband was not paying rent, though he anticipated having to pay $200 per month in the future.

**¶23** Husband next contends that it would be "inappropriate or unjust" to include the value of his free rent in his gross income. Husband, however, did not argue that the family court should consider a deviation and presented no evidence that such a deviation would be in the best interests of his children. *See* Guidelines §§ 3, 20. We will not examine an issue first raised on appeal. *Cullum*, 215 Ariz. at 355 n.5, ¶ 14, 160 P.3d at 234. Consequently, we find no abuse of discretion.

**¶24** The court, however, may need to recalculate the child support award after resolving how much, if any, spousal maintenance to award Wife. *See* Guidelines § 5(A).

## CONCLUSION

**¶25** Based on the foregoing, we vacate the spousal maintenance award and remand the case to the family court for consideration of the issue and, if necessary, to recalculate the child support award.



Ruth A. Willingham · Clerk of the Court
FILED: gsh