ECKERSTROM, Chief Judge:
¶ 1 Judith Cotter appeals the trial court's determination that she is ineligible for spousal maintenance, arguing its determination was not supported by the evidence. Cotter also complains the court erred by failing to credit her for half the value of a television and denying her request for attorney fees. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.
Factual and Procedural History
¶ 2 On appeal, "[w]e view the evidence in the light most favorable to the [trial] court's order." Boyle v. Boyle , 231 Ariz. 63, ¶ 8, 290 P.3d 456 (App. 2012). Cotter and Michael Podhorez married in 1993. In 2013, after spending twenty-five years in the banking industry, Cotter began suffering from a condition that rendered her unable to work. With Podhorez's assistance, Cotter obtained social security disability benefits that allow her to work part time. In 2016, Cotter and Podhorez each filed separate bankruptcy cases, and around that time, Podhorez moved out of the marital home.
¶ 3 In June 2016, Cotter petitioned for dissolution of the marriage, seeking spousal maintenance and attorney fees. While the dissolution was pending, Podhorez suffered an acute mental health problem, such that he did not work during the four months before trial and began collecting short-term-disability benefits himself. Indeed, at the time of trial, he had not received a prognosis for when he might be able to resume working.
¶ 4 In August 2017, the trial court dissolved the marriage and distributed all property, but denied Cotter's requests for spousal maintenance and attorney fees. Concerning maintenance, the court found Cotter "ha[d] not established a statutory basis for entitlement to an award." With respect to fees, the court found there was "no substantial disparity of financial resources," the parties did not "act unreasonably," and no other circumstances warranted such relief. This appeal followed.
Jurisdiction
¶ 5 Although the parties do not raise the issue, we have an independent duty to examine our own jurisdiction. See Baker v. Bradley , 231 Ariz. 475, ¶ 8, 296 P.3d 1011 (App. 2013). After the court entered its valid, final judgment in August 2017, Cotter first filed a notice of appeal and then a motion to reconsider or clarify in the alternative. See *261 Ariz. R. Fam. Law P. 84. Pursuant to her motion before this court, we suspended the appeal and revested jurisdiction in the trial court so it could rule on her motion. However, after the court entered the resulting judgment in December 2017, Cotter failed to file a timely, amended notice of appeal. Accordingly, this court lacks jurisdiction to review any issue arising from Cotter's post-judgment motion or the December 2017 judgment. See In re Marriage of Thorn , 235 Ariz. 216, ¶ 10, 330 P.3d 973 (App. 2014) (appellate court lacks jurisdiction over issues raised in untimely, amended notice of appeal); Lee v. Lee , 133 Ariz. 118, 125, 649 P.2d 997 (App. 1982) (court lacks jurisdiction to consider arguments raised after notice of appeal filed). Thus, our review is limited to the August 2017 judgment and any findings made therein.
Spousal Maintenance
¶ 6 Cotter first asserts the trial court erred by determining that she was ineligible for spousal maintenance.[1] Normally, we will affirm a trial court's spousal-maintenance order if reasonable evidence supports it. Boyle , 231 Ariz. 63, ¶ 8, 290 P.3d 456. However, when an issue presents a mixed question of fact and law, "we will accept the trial court's findings of fact unless clearly erroneous and draw our own legal conclusions based on those facts." Muchesko v. Muchesko , 191 Ariz. 265, 271-72, 955 P.2d 21 (App. 1997).
¶ 7 Before granting a maintenance order, the trial court must, as a threshold matter, determine whether the requesting spouse is eligible for an award. See A.R.S. § 25-319(A). In making an eligibility determination, the court considers only the circumstances of the requesting spouse. See id. If the court determines the spouse is eligible for an award, it then considers the relevant circumstances of both parties to determine whether to actually grant an award and, if so, the amount and duration. See § 25-319(B). The only question before this court is whether the court erred by finding Cotter ineligible for a maintenance award.
¶ 8 Pursuant to § 25-319(A), the court may grant an award "if it finds that the spouse seeking maintenance ... [l]acks sufficient property ... to provide for [his or her] reasonable needs." The legislature has not defined "sufficient property." This court, interpreting a previous version of the statute, determined "sufficient property" meant property "capable of providing for the reasonable needs of the spouse seeking maintenance," whether by actively producing income to provide for the spouse's reasonable needs or by being converted into a suitable form so that it would so provide. Deatherage v. Deatherage , 140 Ariz. 317, 320, 681 P.2d 469 (App. 1984). In Deatherage , the court contemplated that a spouse might need to convert non-income-producing property into income-producing property or sell, encumber, or otherwise dispose of it to provide for herself.[2] Id. at 321, 681 P.2d 469. Underlying these possible courses of action is the implicit determination that the property at issue was of such a value that it could provide for her reasonable needs without supplement. See id. at 320-21, 681 P.2d 469.
¶ 9 Further, our cases do not specify the period during which such property must be able to provide for a requesting spouse's needs in order to render him or her ineligible for a maintenance award. See Wineinger v. Wineinger , 137 Ariz. 194, 197-98, 669 P.2d 971 (App. 1983). They do, however, suggest that for the limited purpose of an eligibility determination, sufficient property is of such *262 value that the spouse would be unlikely to exhaust it in his or her lifetime.[3] See id. In Wineinger , this court upheld a maintenance award determining that a spouse did not possess sufficient property because she would be required to consume her "retirement nest egg" by "liv[ing] off both the principal and interest from [her property]." Id. The court reasoned that requiring her to do so would "dissipat[e] it to an extent that when she no longer had any earning capacity , there would be nothing left upon which she could draw."[4] Id. (emphasis added). Moreover, the court in Deatherage remanded the case instructing the trial court to modify its maintenance award by limiting it to two years so the spouse could convert her property into a form that would provide for her reasonable needs going forward. 140 Ariz. at 321, 681 P.2d 469 ; see also Thomas v. Thomas , 142 Ariz. 386, 390, 690 P.2d 105 (App. 1984) (evaluating sufficiency of property by comparing monthly expenses against potential for income generation).
¶ 10 To the extent there is any ambiguity in the meaning of "sufficient property," the history of § 25-319(A)(1) likewise supports the interpretation that sufficient property means property that, standing alone, can provide for a spouse's reasonable needs during his or her lifetime. See Premier Physicians Group, PLLC v. Navarro , 240 Ariz. 193, ¶ 9, 377 P.3d 988 (2016) (when statute ambiguous, "we determine its meaning by considering secondary factors, such as ... historical background"). Earlier versions of § 25-319(A) required the trial court to find two circumstances before determining a spouse eligible for a maintenance award: both that he or she lacked sufficient property and that another condition rendered him or her unable to be self-sufficient.[5] See 1976 Ariz. Sess. Laws, ch. 171, § 5. By contrast, the current statute only requires a court to find one circumstance before determining a spouse eligible. See § 25-319(A) (court may grant maintenance for "any" of the reasons enumerated). Thus, although a spouse might be able to be self-sufficient through appropriate employment, he or she may nevertheless remain eligible for an award solely on the basis of insufficient property. See id. In short, a spouse must be ineligible under each of the four parts of subsection A to be deemed ineligible for spousal maintenance.[6]
¶ 11 Podhorez contends that "sufficient" is a "low threshold," meaning "[a]dequate ... [or] necessary for a given purpose."
*263 See Sufficient , Black's Law Dictionary (10th ed. 2014). He further argues that Cotter received "over $36,000 in cash and marital assets," which he asserts is "far more liquid assets than the average American [possesses]." But as we have explained above, adequate or necessary for the purposes of § 25-319(A)(1) means capable of independently providing for a spouse's reasonable needs during his or her life. Further, even assuming arguendo that, at the dissolution of their marriage, Cotter possessed "far more liquid assets than the average American," this fact has no bearing on whether those assets are sufficient to render her ineligible for a maintenance award.
¶ 12 Here, the trial court recited § 25-319(A)(1)-(4) and determined that Cotter "ha[d] not established a statutory basis for entitlement to an award of spousal maintenance." The court, however, did not make specific findings about the value of Cotter's property, the cost of her reasonable needs, or the term for which that property could be expected to provide for those needs before she exhausted it. Recognizing the court was not required to make such specific findings, see Higgins v. Higgins , 154 Ariz. 87, 88, 740 P.2d 508 (App. 1987), we are nevertheless unable to determine whether the court applied the appropriate standard in their absence. And, although we may assume the trial court employed the correct reasoning if the record would support its ultimate conclusion, the record here does not contain reasonable evidence to support a determination that Cotter is ineligible for an award under § 25-319(A). Accordingly, we reverse and remand for a determination of whether Cotter's property, consistent with this opinion, could provide for her reasonable needs without being exhausted, as well as further proceedings, if necessary.
¶ 13 In so holding, we take no position on the secondary question of whether the trial court should award spousal maintenance to Cotter. Rather, we instruct the court to evaluate her property as set forth in this opinion and determine whether she is eligible for an award. See § 25-319(A). If the court determines she is eligible for an award, it must then consider the relevant factors, balance the equities between the parties, and exercise its discretion as it deems just. See § 25-319(B) ; Gutierrez v. Gutierrez , 193 Ariz. 343, ¶ 15, 972 P.2d 676 (App. 1998).
Equalization Credit
¶ 14 Cotter also complains the court erred when it calculated her property-equalization payment because it "overlooked the 75 inch television retained by [Podhorez] ... worth approximately $2,300.00." "[A]ll marital joint property should be divided substantially equally unless sound reason exists to divide the property otherwise." In re Marriage of Flower , 223 Ariz. 531, ¶ 13, 225 P.3d 588 (App. 2010), quoting Toth v. Toth , 190 Ariz. 218, 221, 946 P.2d 900 (1997). In making such division, the trial court has broad discretion to allocate property after consideration of the equities in each particular case. Id. ¶ 14. "[W]e will not disturb a court's [division of property] absent a clear abuse of discretion." Id.
¶ 15 Here, the trial court specifically awarded to each party "all ... household furniture, furnishings and appliances, and other personal property currently in his [or her] possession." Further, Podhorez listed the television among the property he had removed from the marital residence. Accordingly, we presume the court considered the television and its value when it distributed the property and calculated the value of the equalization payment. See Able Distrib. Co. v. James Lampe, Gen. Contractor , 160 Ariz. 399, 409, 773 P.2d 504 (App. 1989) (reviewing court presumes trial court considered admitted evidence). Thus, we find no error.
Attorney Fees
¶ 16 Cotter insists the trial court erred by refusing to award her attorney fees. See A.R.S. § 25-324(A). Section 25-324(A) provides that "after considering the financial resources of both parties and the reasonableness of [their] positions," a trial court may order one party to pay a "reasonable amount to the other party for the costs and expenses of maintaining ... any [dissolution] proceeding." We review a trial court's order concerning attorney fees under § 25-324 for an *264 abuse of discretion. See Mangan v. Mangan , 227 Ariz. 346, ¶ 26, 258 P.3d 164 (App. 2011).
¶ 17 Here, the trial court denied both parties' requests for attorney fees, finding "there [was] no substantial disparity of financial resources between the parties" and that neither "act[ed] unreasonably in the litigation." Cotter asserts that Podhorez's net income "significantly exceeded" her gross income and that his "unreasonable position" regarding maintenance "dramatically increased the time, complexity, and costs of the litigation." Cotter's assertion about Podhorez's income, however, is based upon figures existing before he suffered a mental health problem several months before trial-a circumstance that caused him to leave work and collect short-term-disability benefits himself. As the court specifically found, "[b]oth parties were on disability at the time of the trial, and had been on disability for some period of time prior to the trial." Further, the court determined that although both argued "the other party [was] capable of earning more ... the possibility of additional income [was] speculative at best." Based on these findings and the record before us, we cannot say the trial court abused its discretion. See id.
¶ 18 Finally, Cotter requests attorney fees on appeal pursuant to § 25-324(A). However, she has not demonstrated the parties' respective financial resources warrant such an award nor that Podhorez has taken an unreasonable position in defending the case on appeal. See § 25-324(A).[7] Accordingly, we deny her request for attorney fees on appeal.
Disposition
¶ 19 For the foregoing reasons, we affirm the trial court's rulings with respect to its accounting for the television in the equalization payment and to attorney fees. However, we reverse the court's determination that Cotter was ineligible for spousal maintenance and remand for further proceedings consistent with this opinion.

Cotter also challenges the trial court's determinations that she was ineligible for an award under A.R.S. § 25-319(2) and (4). However, we need not address these arguments because we determine the court erred by finding her ineligible for spousal maintenance with respect to subsection (1).

Our dissenting colleague argues that Deatherage expressly disclaimed the principle that courts could not expect spouses to "use up" their property. Infra ¶24. But the court there did not disclaim the principle generally; instead, it rejected the suggestion that the trial court had done so in that particular case. Deatherage , 140 Ariz. at 320-21, 681 P.2d 469. Moreover, the reviewing court expressly contemplated that if the spouse chose not to convert her non-income-producing property, she might "sell all or part of [it]," "encumber part or all of [it]," or "do nothing and just retain the property in its present form." Id. at 321, 681 P.2d 469.

The dissent characterizes this formulation as inviting speculation and urges that the proper test is to directly compare the income-producing potential of the requesting spouse's property against his or her reasonable needs at the time of trial. Infra ¶¶29-32. This test is certainly suitable in most cases. However, it would not account for property that does not produce income adequate to sustainably meet reasonable needs but could do so if its principal was invaded as well.

The dissent interprets Wineinger to set forth a bright-line rule that "a spouse should not be expected to live off and dissipate the principal of his or her assets for any period of time." Infra ¶26. But this interpretation overlooks that the court framed its reasoning by looking to the time when the principal would be dissipated: when the spouse "no longer had any earning capacity." 137 Ariz. at 198, 669 P.2d 971.

The enumerated circumstances required a finding that the spouse either was "unable to support himself or herself through appropriate employment or [had] custod[y] of a child whose age or condition [was] such that the custodian should not be required to seek employment outside the home or lack[ed] earning ability ... adequate to support himself or herself." 1976 Ariz. Sess. Laws, ch. 171, § 5.

Our dissenting colleague conflates § 25-319(A)(1) and (2) by considering income Cotter might obtain through work alongside her other property interests. Infra ¶34. Moreover, the dissent suggests we have "simply overlook[ed] the practical import" of considering whether a spouse possesses sufficient property or is capable of supporting herself through appropriate employment. Infra n.8. But whether these factors should be considered separately or together reflects a policy concern for the legislature to resolve. Cf. Winsor v. Glasswerks PHX, L.L.C. , 204 Ariz. 303, ¶ 24, 63 P.3d 1040 (App. 2003) (policy issues best handled by legislatures due to orientation toward public input and debate).
But, regardless of whether Cotter's disability income of $1,593.06 per month is categorized as property under subsection (1) or as employment income under subsection (2), her property would nevertheless be insufficient to provide for her reasonable needs of $2,251.16 per month. And even assuming arguendo that her disability income could be categorized under subsection (2), this would only devalue her property, further establishing her eligibility under § 25-319(A)(1).

We also deny Cotter's request for attorney fees pursuant to § 25-324(B) because she develops no argument based on that subsection and, in any event, we determine it does not apply because Podhorez did not file a petition, much less under the circumstances enumerated therein.