NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

―――――――――――――

*In re the Matter of:*

CATHY SUE LANE, *Petitioner/Appellee,*

*v.*

BYRL RAYMOND LANE, *Respondent/Appellant.*

No. 1 CA-CV 18-0165 FC
FILED 3-12-2020

―――――――――――――

Appeal from the Superior Court in Maricopa County
No. FN2016-006249
The Honorable Howard D. Sukenic, Judge

**AFFIRMED**

―――――――――――――

COUNSEL

Law Office of John E. Herrick, Peoria
By John E. Herrick
*Counsel for Petitioner/Appellee*

Fromm Smith & Gadow PC, Phoenix
By Stephen Roy Smith, Jared Sandler

Clair William Lane Ltd., Tempe
By Clair W. Lane
*Co-Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**S W A N N**, Chief Judge:

¶1        In this dissolution action, Byrl Raymond Lane ("Husband") appeals from the spousal maintenance awarded to Cathy Sue Lane ("Wife").  For the reasons stated below, we affirm.

## FACTS AND PRODECURAL HISTORY

¶2        During the parties' 37 year marriage, Husband worked as an attorney, and Wife did not work outside the home.  Wife filed for divorce on December 8, 2016.  At the time of trial, Husband was 65, and Wife was 61.  The parties settled all issues except for spousal maintenance and attorney's fees and costs.  Pursuant to the settlement, Wife received approximately $426,000 in retirement accounts, one-half of the sale proceeds from the marital residence (anticipated to be $200,000), and other cash payments of $95,000.  Wife intended to use the cash and sale proceeds to purchase a home and pay off her vehicle.

¶3        Wife sought indefinite spousal maintenance of $4,000 per month.  Husband argued Wife was not entitled to spousal maintenance because she received sufficient property to support herself.  At trial, Wife called Michael Hooper, a certified public accountant, as her expert witness.  Hooper testified that Wife could begin collecting Social Security benefits at 62 years old but he recommended delaying benefits until she was 66 years and two months old to increase the benefit amount.  Hooper also recommended that Wife not withdraw funds from her retirement accounts until age 70.5, when federal law requires minimum distributions.  According to Hooper, Wife's retirement accounts would likely generate five percent interest income.

¶4        The superior court concluded that Wife qualified for spousal maintenance and awarded her $2,500 per month for five years and $1,000 per month for four years thereafter.  Husband appeals.

**DISCUSSION**

**¶5**        We review the superior court's spousal maintenance award for abuse of discretion. *Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 9 (App. 2007). We will affirm the superior court's award of spousal maintenance if there is any reasonable evidence to support it. *Helland v. Helland*, 236 Ariz. 197, 202, ¶ 22 (App. 2014).

**¶6**        When considering a request for spousal maintenance, the court first determines whether the requesting spouse is eligible under A.R.S. § 25-319(A). *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 15 (App. 1998). If the court finds the spouse is eligible, it then considers the amount and duration based on the factors in § 25-319(B). *Id.*

I.      WIFE IS ELIGIBLE FOR SPOUSAL MAINTENANCE BECAUSE ONLY ONE REASON IS NEEDED UNDER A.R.S. § 25-319(A) FOR ELIGIBILITY.

**¶7**        Section 25-319(A) provides that a court may grant a maintenance order if it finds that the spouse seeking maintenance qualifies under one of several factors. The superior court found Wife eligible for spousal maintenance because, under A.R.S. § 25-319(A)(2) and (A)(4), she lacked sufficient property to provide for her reasonable needs and had a marriage of long duration, preventing her from gaining employment adequate to become self-sufficient.

**¶8**        Husband argues the court abused its discretion when it failed to consider the interest income that Wife's retirement account would generate. Husband did not dispute the lengthy marriage or that Wife could not become self-sufficient through employment because of her work history. Nevertheless, Husband argues, Wife may achieve self-sufficiency with a minimum-wage job if the court also considers the interest income her retirement account would generate. Husband contends that *Deatherage v. Deatherage*, 140 Ariz. 317 (App. 1984), supports his contention that, in determining eligibility, the court must consider the interest income from Wife's retirement account when considering Wife's ability to achieve self-sufficiency under any § 25-319(A) factor.

**¶9**        We recently rejected this argument in *In re Marriage of Cotter*, 245 Ariz. 82, 86, ¶ 10 (App. 2018). When *Deatherage* was decided, § 25-319(A) required the court to find that the spouse seeking support lacked sufficient property to provide for his or her reasonable needs *and* was unable to achieve self-sufficiency. *See Deatherage*, 140 Ariz. at 319. "By contrast, the current statute only requires a court to find one circumstance

before determining a spouse eligible. . . . Thus, although a spouse might be able to be self-sufficient through appropriate employment, he or she may nevertheless remain eligible for an award solely on the basis of insufficient property." *Cotter*, 245 Ariz. at 86, ¶ 10.

**¶10** Grounds for eligibility under § 25-319(A)(2) and (A)(4) focus on the spouse's earning ability, whereas (A)(1) focuses on the property available to the spouse. Requiring the court to consider whether that spouse's property would provide for his or her needs would impose the requirement of § 25-319(A)(1) on all other factors. This is contrary to the accepted interpretation of § 25-319(A). *See Cotter*, 245 Ariz. at 86, ¶ 10; *see also Gutierrez*, 193 Ariz. at 348, ¶ 17. Although the financial resources available to a spouse may be considered in determining the amount of maintenance, *see* A.R.S. § 25-319(B)(9), those resources do not necessarily preclude a finding of eligibility for maintenance. Accordingly, the superior court did not err in concluding that Wife qualified for spousal maintenance under § 25-319(A)(4).

II.    THE SUPERIOR COURT CONSIDERED THE INTEREST INCOME THAT WIFE'S RETIREMENT ACCOUNT WOULD GENERATE AND PROPERLY AWARDED WIFE SPOUSAL MAINTENANCE.

**¶11** Husband contends that the superior court abused its discretion when it failed to consider the interest income that Wife's retirement account will generate as required by A.R.S. § 25-319(B)(9) and *Deatherage*.[1]

**¶12** In its analysis of the amount and duration of spousal maintenance under A.R.S. § 25-319(B), the court found that Wife could earn only minimum wage based on her age and work history. The court also found that Wife would receive approximately $300,000 in liquid assets, including an anticipated $200,000 from the sale of the marital residence. Wife intended to purchase a modest home and pay off her vehicle with those funds. Although Wife received $426,000 in retirement accounts, the court concluded that "it would be unreasonable for Wife to access the retirement funds until the age of 70.5 years." The nine-year spousal

---

[1]    In its analysis of A.R.S. § 25-319(B)(9), the court did not explicitly state whether it considered the interest income from Wife's retirement account when it made its findings. We previously suspended the appeal to allow the superior court to consider and determine whether it included interest from the retirement account in its analysis of Wife's spousal maintenance, which it did. *See* ARCAP 3(b).

maintenance award corresponds to the date Wife reaches age 70.5, the age at which Wife's expert recommended she begin withdrawing from her retirement account.

¶13　　　In determining the appropriate amount and duration of spousal maintenance, the court need not require Wife to use the *principal* in her retirement account to support herself before reaching retirement age. *See Gutierrez*, 193 Ariz. at 348, ¶ 18. The court must, however, consider "all property capable of providing for the reasonable need of the spouse seeking maintenance." *Deatherage*, 140 Ariz. at 320.[2]

¶14　　　Although Wife's expert testified that Wife could expect to earn approximately five percent interest on the retirement account (approximately $1,750 per month), the superior court concluded that there was no guarantee on this rate of return. And although Wife, at age 61, can take the interest earned on her retirement account without depleting the principal or facing tax penalties, *see* 26 U.S.C. § 72(t), the superior court took this evidence of interest income into consideration in reaching its findings. And its findings resulted in a significant reduction in the amount and duration of spousal maintenance requested by Wife. In these circumstances, the superior court did not abuse its discretion in awarding Wife spousal maintenance.

## CONCLUSION

¶15　　　We affirm the superior court's award of spousal maintenance. As the prevailing party on appeal, Wife is entitled to an award of costs upon compliance with ARCAP 21.

AMY M. WOOD • Clerk of the Court
FILED:　AA

---

2　　　Although *Deatherage* interpreted A.R.S. § 25-319(A) and the property of the spouse seeking support, we will apply the same definition of property to subsection 25-319(B). *See State ex rel. Larson v. Farley*, 106 Ariz. 119, 122 (1970) (noting courts construe statutes relating to the same subject together and seek to achieve consistency).