NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ROXANNE KATY MEYER, *Petitioner/Appellee,*

*v.*

NICK R. PETROFF, *Respondent/Appellant.*

No. 1 CA-CV 19-0442 FC
FILED 4-9-2020

Appeal from the Superior Court in Maricopa County
No. FC2016-092341
The Honorable Adele Ponce, Judge

**AFFIRMED**

COUNSEL

Crider Law, P.L.L.C., Mesa
By Brad J. Crider
*Counsel for Petitioner/Appellee*

Nick R. Petroff, Mesa
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge David B. Gass joined.

---

**W I N T H R O P**, Judge:

¶1        Nick R. Petroff ("Father") appeals the family court's May 7, 2019 orders on cross-petitions to modify.  Father argues the court did not fairly consider the evidence and exhibited bias in favor of Roxanne Katy Meyer ("Mother").  He also argues the court abused its discretion in ordering that (1) Mother retain sole legal decision-making, with Father's parenting time limited to twice-weekly supervised parenting time; and (2) Father continue for six months to undergo random alcohol testing, with any evidence of diluted tests to reset the required six-month testing period, and Father now solely responsible for the cost of continued testing.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Father and Mother married in March 2012.  They are the parents of one minor child, born in September 2012.

¶3        Father has a long history of alcohol abuse with significant collateral consequences, including a DUI, initiating a bar brawl, domestic altercations requiring police intervention, related arrests, and probation.  The parties' marriage was punctuated by such incidents, with Father being a primary source of both verbal and physical abuse.

¶4        The parties separated in January 2016.  In April 2016, Mother petitioned for dissolution of the marriage.  Before she filed the petition, Mother exercised sole legal decision-making and the parties shared equal parenting time.  During the dissolution proceedings, the court ordered that Father undergo random substance abuse testing at TASC, with Mother ordered to reimburse Father for one-half the cost of the testing.

¶5        In August 2016, the parties divorced.  In dissolving the marriage, the family court awarded sole legal decision-making to Mother, ordered that the parties receive equal parenting time, and ordered that

Mother pay Father child support.[1]   The court also made the following finding:

> Mother alleges Father has substance abuse issues.  Father was ordered to alcohol test at TASC.  Father's tests were negative, but the last several tests were diluted samples.  Father offered that he drinks a lot of water due to his outdoor activities and lifestyle.  Father testified that he has been sober since January 31, 2016 with one exception, an incident that occurred in June of 2016 in which Father had been drinking and was behaving inappropriately.  Father testified that he believes he has proven himself through the months of testing and refuses to undergo any further testing.

The family court found that "Father's drinking is a concern" that "can be alleviated by ordering Father not to consume alcohol during his parenting time."  The court ordered Father not to consume alcohol during or twelve hours before his parenting time.

**¶6**        On January 4, 2018, Father was admitted to the hospital, where he was ultimately determined to have sepsis related to a kidney and gastrointestinal issue that required surgical treatment.  Father was released from the hospital approximately three weeks later.

**¶7**        On February 16, 2018, Mother petitioned the court to modify parenting time and child support and moved for temporary orders regarding parenting time.  Mother's petition to modify alleged that at the time of his hospital admission, Father was in severe alcohol withdrawal and made admissions about the severity of his drinking that raised concerns about his ability to care for the child.[2]  Mother requested that Father's

---

[1]        In August 2017, the family court terminated Mother's child support obligation upon agreement of the parties.

[2]        At the March 4, 2019 evidentiary hearing on the cross-petitions to modify, evidence was introduced that, at the time of his hospital admission, Father appeared to be going through acute alcohol withdrawal.  Father on admission had admitted he could "drink over a fifth [of vodka] daily" and had consumed a large amount of alcohol over the holidays, including the day before.  Father testified the hospital records documenting these statements from him were not accurate, and if he made those statements, he did so under the influence of morphine, and they were not true.  Father

parenting time be supervised until he had demonstrated six months' sobriety.

¶8            On April 23, 2018, during a return hearing on Mother's motion for temporary orders filed with her petition to modify, the family court ordered Father to submit to a hair follicle test and random alcohol testing on a twice-weekly basis. The order stated "that the failure, neglect or refusal to participate in testing, or providing a diluted test sample at the time of testing, may be considered an admission by the party that the testing, if properly conducted, would have revealed the use of the substance(s) tested for, which finding is contrary to the best interest of a child." The court also ordered that Mother reimburse Father for any tests with negative results.

¶9            After testing on May 10, 2018, Father failed to test again until July 6, 2018, missing at least fifteen testing dates. On June 27, Mother filed an emergency motion to modify Father's parenting time to require supervision at an agency location.

¶10            On July 3, 2018, Father filed a counter-petition to modify legal decision-making, parenting time, and child support. Father sought joint legal decision-making, alleging that Mother changed the child's school without notifying or consulting with Father and failed to tell Father about the child's medical concerns and/or treatment. Father also claimed he had stopped alcohol testing because he was confused about what the court's order required. Additionally, Father filed a petition to enforce parenting time, arguing that, for several months, Mother had routinely ignored or refused to allow Father his parenting time.

¶11            On July 9, 2018, the family court granted Mother's emergency motion for temporary orders, ordering that Father's parenting time be limited to four hours a week and supervised at one of three designated agencies. Later that month, at a temporary orders hearing, the court named a court-appointed advisor ("CAA"), ordered that Father continue alcohol

---

claimed, however, not to remember making the statements because he remembered nothing that occurred before he woke up following the surgical procedure. In the hospital records, however, Father was described as coherent, conversant, and answering questions appropriately, and when the statements were noted, he was described as resting comfortably. The record suggests Father later resided in a sober living facility for approximately thirty days, although Father has denied this.

testing, and reaffirmed that Father's parenting time be supervised by a third-party agency.

¶12         On September 24, 2018, the CAA submitted her report to the court.  As part of her report, the CAA interviewed the parties and Father's girlfriend.  The CAA also reviewed relevant Department of Child Safety records; Father's TASC records; relevant police agency records from Chandler, Gilbert, Mesa, and Apache Junction; court and medical records; and text messages and emails involving the parties and Father's girlfriend.

¶13         The communications described Father's ongoing problems with alcohol and how verbally abusive Father became while drinking, and reflected concerns about how Father could treat and care for children, including the parties' child, while intoxicated.  Some messages indicated Father had engaged in drinking during his parenting time.  The CAA noted several issues of concern, including "domestic violence/anger management, Father's apparent excessive alcohol consumption, and Father's continual false statements."

¶14         The CAA recommended Father participate in a substance abuse evaluation, an anger management class, and continued random alcohol testing.  The CAA also recommended that the child remain in Mother's primary care, and Father have supervised parenting time, with no overnight visits, on either Saturdays or Sundays, and if that could not be arranged, then Father's parenting time be supervised at a facility.[3]

¶15         On January 3, 2019, Father filed a petition to terminate alcohol testing, arguing he had completed six months of testing from July 6, 2018, to January 6, 2019.  Father conceded he had two diluted tests during that time, but again cited his active lifestyle and heavy water consumption as the reason for the diluted tests.[4]  In a minute entry filed January 16, 2019, the family court summarily denied the motion.

---

[3]     At an October 3, 2018 temporary orders hearing, the parties agreed Father would have unsupervised parenting time every Wednesday evening and every other Saturday from 9:00 a.m. until 5:00 p.m.

[4]     Contrary to Father's representation and the CAA's testimony, the record reflects Father had at least three diluted tests during this time period.  Further, in December 2018, Father had posted photographs on-line of himself drinking beers after a hike.

¶16 That same day, Mother filed an emergency motion for temporary orders without notice regarding parenting time, alleging Father had continued to drink alcohol and requesting Father's parenting time be immediately supervised through a licensed facility approved by the court, at Father's expense. The court denied the motion. Meanwhile, however, Father submitted a urine sample that tested positive for alcohol, and Mother filed a renewed emergency motion on January 17, 2019, which the court also denied.

¶17 On March 4, 2019, the court held the evidentiary hearing on Mother's petition to modify and Father's counter-petition. The CAA testified she had continuing concerns about Father minimizing his use of alcohol, and she opined that Father's continued use of alcohol could jeopardize the safety of the child. Mother testified the child had been residing primarily with her since the temporary orders were entered and that he was thriving and his grades, behavior, and anxiety level had improved markedly while under her primary care. Mother also expressed concerns about Father's continuing alcohol, abuse, and candor issues. Father testified regarding the details of his January 2018 hospitalization, and he denied consuming alcohol before his admission. He admitted having three diluted alcohol test results and one positive result after he resumed testing in July 2018 through February 20, 2019, but claimed his diluted tests resulted from living an active lifestyle that required him to consume significant quantities of water. He nevertheless agreed that, if the court found he had been drinking as much as had been reported, it would be appropriate to order that he "continue drug testing until [he had] clear, unmissed, undiluted tests for a certain period of time" and that missing a test would "be considered like failing a test." He also agreed that multiple positive tests would indicate "[t]here's an issue there, obviously." At the end of the hearing, the court took the matter under advisement.

¶18 Meanwhile, Father submitted diluted urine samples to TASC on March 1, 7, 19, and 27, and April 1, 2019, and submitted a sample that tested positive for alcohol on March 8, 2019. On April 23, 2019, noting that Father had been involved in alcohol-related domestic disturbances with his girlfriend that generated police reports on April 5 and 6, Mother filed another emergency motion for temporary orders without notice regarding parenting time, which the court again denied.

¶19 In a detailed twelve-page minute entry dated May 3, 2019, the family court issued its findings and orders. The court found that "[s]ince the prior order, despite an avowed commitment to sobriety, Father has engaged in drinking, at times to significant excess, indicating a continued

substance abuse problem." The court also found that, because of Father's positive and diluted tests, and given his history of heavy drinking, Father had not rebutted the finding that he has a substance abuse problem. The court ordered in part that Mother retain sole legal decision-making authority over the child, that Father continue to have supervised parenting time on Wednesdays from 5:00 p.m. to 8:00 p.m. and Saturdays from 9:00 a.m. to 5:00 p.m., and that Father continue to participate in twice-weekly alcohol testing. The court also ordered that when Father had completed six months of alcohol testing without any missed, diluted, or positive tests, the parties would resume equal unsupervised parenting time and Father could apply to the court for an adjustment of the child support order.[5]

**¶20** The court dismissed Father's subsequent petition to modify legal decision-making, parenting time, and child support and denied Father's motion to alter or amend the judgment pursuant to Rule 83 of the Arizona Rules of Family Law Procedure. We have jurisdiction over Father's timely appeal pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) and (2).

## ANALYSIS

### I.    Standard of Review and Applicable Law

**¶21** We will affirm if substantial evidence supports the family court's decision, *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009), and will not substitute our opinion for that of the family court unless there has been a clear abuse of discretion, *Deatherage v. Deatherage*, 140 Ariz. 317, 319 (App. 1984). Further, we will not set aside findings of fact unless they are clearly erroneous. Ariz. R. Fam. Law P. 82(a)(5). To the extent the family court based its rulings on the weight it gave to conflicting evidence and the parties' credibility, we defer to the court's judgment. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13 (App. 1998).

### II.    Father's Allegations of an Unfair Trial and Bias

**¶22** Father argues the family court did not fairly consider the evidence presented at trial and was biased against him. The family court has discretion over the control and management of the trial. *See Hales v. Pittman*, 118 Ariz. 305, 313 (1978). "We will not interfere in matters within the [family] court's discretion unless we are persuaded that the exercise of such discretion resulted in a miscarriage of justice or deprived one of the

---

[5]    The court ordered that Father pay child support to Mother in the amount of $492 per month.

litigants of a fair trial." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 308, ¶ 31 (App. 2007) (citation omitted). In this case, Father's arguments amount to a request that we reweigh the evidence, something we will not do. *See Hurd*, 223 Ariz. at 52, ¶ 16. On this record, we find no evidence that the court denied Father a fair trial.

**¶23** As for Father's argument that the family court was biased against him, we begin our analysis with the presumption that the family court judge is free of prejudice and bias. *State v. Ramsey*, 211 Ariz. 529, 541, ¶ 38 (App. 2005). To overcome this presumption, Father must prove the court harbored "a hostile feeling or spirit of ill-will, or undue friendship or favoritism." *State v. Cropper*, 205 Ariz. 181, 185, ¶ 22 (citation omitted), *supplemented by* 206 Ariz. 153 (2003). To prove this, Father must "set forth a specific basis for the claim of partiality and prove by a preponderance of the evidence that the judge is biased or prejudiced." *State v. Medina*, 193 Ariz. 504, 510, ¶ 11 (1999). In this case, Father has not rebutted the presumption of judicial impartiality. After reviewing the entire record presented, including the transcript of the March 4 hearing, we conclude the record reflects no bias and indicates the family court impartially considered the parties' positions.

### III. Legal Decision-Making and Parenting Time

**¶24** Father argues the family court abused its discretion in ordering that Mother retain sole legal decision-making, with Father's parenting time limited to twice-weekly supervised parenting time.

**¶25** We review for an abuse of discretion the family court's legal decision-making and parenting time orders. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018); *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). In deciding legal decision-making and parenting time, courts must consider a child's best interest. A.R.S. § 25-403; *see also Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003) (stating that "the child's best interest is paramount"). The best interest of the child is for the family court alone to decide. *Nold*, 232 Ariz. at 273, ¶ 14 (citing *DePasquale v. Superior Court (Thrasher)*, 181 Ariz. 333, 336 (App. 1995)).

**¶26** Here, the family court's May 2019 minute entry makes clear the court found a proper legal basis for modification, considered issues regarding the parents pursuant to A.R.S. § 25-403.01, and carefully considered the evidence presented at the March 4 hearing, including the CAA's report and testimony, in light of each of the best interest factors of A.R.S. § 25-403. The court also considered other relevant issues, including

evidence presented by both parties related to substance abuse, *see* A.R.S. § 25-403.04, and explained in detail why it did not find much of Father's testimony credible. The court found that Father "can be verbally abusive when he is drinking," that he "has engaged in unreasonable behavior such as putting the child in time out for mentioning the name of Mother's boyfriend," and that significant evidence indicates "Father has an alcohol abuse problem," including Father's admission that he continues to consume alcohol.

**¶27** The family court had the discretion to consider Father's alcohol use, the details surrounding his hospitalization, and his documented verbal abuse as factors in its decisions regarding legal decision-making and parenting time. Our review of the record confirms that substantial evidence supports the court's decisions; accordingly, it did not abuse its discretion in concluding the child's best interest was served by awarding sole legal decision-making to Mother, with Father's parenting time limited to twice-weekly supervised parenting time.

*IV. The Requirement of Continued Random Alcohol Testing*

**¶28** Noting that he has submitted numerous urine samples that have tested negative for alcohol, Father next argues the family court abused its discretion in ordering that he continue to submit to random alcohol testing, with diluted tests resetting the required six-month testing period, at his sole expense.

**¶29** We review the court's orders regarding alcohol testing for an abuse of discretion. *See In re Miguel R.*, 204 Ariz. 328, 333, ¶ 14 (App. 2003).

**¶30** The record indicates that Father has a long history of alcohol abuse coupled with anger management issues. Before the parties' divorce, from late June to mid-August 2016, Father had seven instances of diluted test results, which the court appropriately viewed as positive results. In late April 2018, after Father's hospitalization, the court again ordered Father to submit to random alcohol testing on a twice-weekly basis and warned him that missed or diluted tests "may be considered an admission by the party that the testing . . . would have revealed the use of the substance(s) tested for, which finding is contrary to the best interest of a child." Nonetheless, after testing on May 10, Father failed to test again until July 6, 2018, missing at least fifteen testing dates. After he resumed testing in July 2018, Father submitted multiple diluted samples and one positive sample before the March 4, 2019 hearing. Further, evidence was presented that Father became verbally abusive while drinking, and the CAA expressed

concerns about how Father could treat children, including the parties' child, while intoxicated.

**¶31** Given this evidence, the family court did not abuse its discretion in ordering that Father continue to undergo twice-weekly alcohol testing at his sole expense. Father's own conduct has placed him in this position, and as for his argument that diluted tests should not restart the testing period, he fails to recognize that he alone controls whether the tests are diluted. Further, he was on notice as early as 2016 that a diluted test would be considered a positive test and acknowledges in his reply brief that "[t]he trial court is within its discretion to make decisions regarding the interpretation of a diluted or missed drug test in accordance with what it believes will best serve the interests of the child." Father's failure to rebut the evidence that he suffers from a substance addiction to alcohol warrants his continued monitoring, and his achieving and demonstrating sustained sobriety is in the child's best interest.

**¶32** Further, in ordering Father to undergo random alcohol testing, the court has given Father a path to eventually petition the court to modify its orders if he meets the criteria to do so. Finally, because Father has been given multiple opportunities to demonstrate he is free from alcohol addiction, and he has failed to do so, the court did not abuse its discretion in shifting the full cost of random testing to Father.[6]

### V. Costs and Attorneys' Fees

**¶33** Arguing that "Father has unreasonably contested the [family] court's ruling by his refusal to acknowledge his own actions which led to the [family] court's findings," Mother requests an award of her costs and attorneys' fees on appeal pursuant to A.R.S. §§ 12-349 and 25-324. We decline to award fees pursuant to § 12-349. As for Mother's request under § 25-324, the most current financial information provided by the parties indicates there is little disparity as to their financial resources. As for the reasonableness of the parties' positions, we agree with Mother that Father's position on appeal is unreasonable. Accordingly, we award Mother taxable

---

[6] Father also contends Mother has not reimbursed him for previous negative tests. He provides no affidavit or other proof in support of his contention. Moreover, he does not claim that he presented this issue to the family court or cite to any such request in the record. As a general rule, we will not consider arguments not presented in the court below. *See Barrio v. San Manuel Div. Hosp. for Magma Copper Co.*, 143 Ariz. 101, 104 (1984); *Richter v. Dairy Queen of S. Ariz., Inc.*, 131 Ariz. 595, 596 (App. 1982).

costs and attorneys' fees on appeal, in an amount to be determined upon compliance with Rule 21, ARCAP.

## CONCLUSION

¶34 The family court's May 3, 2019 post-decree orders are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA